**In re the Marriage of Mary Lynn CROWLEY, Appellant–Respondent,**

v.

**Thomas F. CROWLEY, Appellee–Petitioner.**

No. 04A03–9110–CV–323.

Court of Appeals of Indiana, Third District.

March 25, 1992.

John C. Hamilton, Doran, Blackmond, Ready, Hamilton & Williams, Georgia C. Luks, South Bend, for appellant-respondent.

William J. Moriarty, Jr., Dumas & Moriarty, Rensselaer, for appellee-petitioner.

GARRARD, Judge.

This is an appeal from a trial court's denial of a custodial parent's request for a transfer of jurisdiction pursuant to IC 31–2–7–1. We affirm.

Thomas F. Crowley (Thomas) and Mary Lynn Crowley (Mary) were married on May 18, 1968, and separated on July 12, 1981. On September 24, 1981, Thomas filed a petition for dissolution of marriage in the Jasper Circuit Court. He then moved for and was granted a change of venue from the county, and the action was transferred to the Benton Circuit Court. After a trial on February 16, 1982, the court issued a final decree of dissolution of marriage on August 9, 1982. The court divided the marital assets, awarded custody of the Crowley's six minor children to Mary, and required Thomas to pay support. Thomas was also granted visitation rights. Mary moved to South Bend, Indiana, with the children, and Thomas remained near Rensselaer, Indiana. By March, 1991, Thomas moved to Des Moines, Iowa.

From 1982 to 1991, the trial court entertained and ruled on several motions to modify support, visitation, and custody between Thomas, Mary, and their children. The trial court also found Mary in contempt of visitation orders on three separate occasions during that period of time.

On May 1, 1991, Mary filed a petition to transfer the proceedings to the St. Joseph Circuit Court. She alleged that she had been living in South Bend with the children for over nine years and that because Thomas lived in Des Moines, Iowa with minimal, if any, contacts with Benton County, Indiana, the proceedings should be transferred to the South Bend area in St. Joseph County.

Mary's motion to transfer was heard on June 24, 1991. The trial court denied her petition on July 12, 1991 by way of the following order:

The Court, having considered said petition and being duly advised, now finds pursuant to I.C. 31–2–7–1 that even though the parties no longer reside in the county in which the dissolution was obtained, and the children reside with the custodial parent in another county, that it is not in the best interests of those children that the court order the proceedings pertaining to support transferred.

Therefore, pursuant to I.C. 31–2–7–1, in accordance with the discretion conferred, the court now denies the former wife's Petition to Transfer Proceedings to the St. Joseph Circuit Court.

(R. p. 246) As a result, Mary appeals.

Mary contends that the trial court had no basis in fact for denying her petition to transfer jurisdiction pursuant to IC 31–2–7–1, because, contrary to the trial court's finding, such a transfer was in the best interests of the children. We find Mary's claim to be unavailing.

IC 31–2–7–1 provides in relevant part:

Whenever there is pending in any court in the state of Indiana any order requiring a parent to make regular payments for the support of the parent's children, subsequent to the divorce or dissolution of the marriage of the parents of those children, ... and it is shown to the court in which that order is pending that:

(1) the parent ... having custody of those children is residing in a different county in the state from that in which the divorce or dissolution ... was obtained;

(2) the other parent of those children no longer resides or is not regularly

found in the county in which the divorce or dissolution ... was obtained; and

(3) it would be in the best interests of those children;

the court *may* order the proceedings with all papers and files pertaining to the order for support and certified copies of all such orders transferred to the court having jurisdiction over such matters in the county in which the parent ... having custody of such children is residing. The court to which the proceedings are transferred shall accept the same and shall thereafter have jurisdiction over those children and matters relating to their support by the parent so ordered.

...

IC 31–2–7–1 (emphasis added).

In this case, neither Mary nor Thomas dispute the fact that the first two conditions of the above statute were satisfied because they do not reside in Benton County, where their dissolution decree was entered. Instead, they are at odds as to whether a transfer would be in the best interests of the children pursuant to the third condition above.

However, under the plain language of the statute, even a determination of best interest does not necessitate transfer. IC 31–2–7–1 clearly states that if all three of the above conditions are met, the court *may* transfer the proceedings. Even so, the court may elect to retain jurisdiction since all the prior proceedings were before it, and policy is served by the continuity provided through supervision by the same court throughout a proceeding. Transfer under the statute is entirely with the trial court. Even if all three of the conditions are met, including the transfer being in the

"best interests of the children," transfer is not mandated.

When interpreting statutes, our foremost concern is to determine and give effect to the true intent of the legislature. *Johnson v. LaPorte Bank & Trust Co.* (1984), Ind.App., 470 N.E.2d 350, 354, *trans. denied.* To determine that intent, we will accord the words used their common and ordinary meaning. *Gohn v. Akron School* (1990), Ind.App., 562 N.E.2d 1291, 1292. In this case, there is no doubt that the word "may" is discretionary, and that the legislature intended to leave the transfer decision solely to the discretion of the trial court. As written, the statute may evince an intent by our legislature to allow the court most familiar with the family and past history of the proceedings to maintain jurisdiction of the proceedings as it sees fit.

Accordingly, Mary's contention that the denial of her request for transfer was not in the best interests of her children is not outcome determinative. Even if transfer would have been in the best interests of the children,[1] the trial court had discretion under IC 31–2–7–1 to refuse the transfer.

Accordingly, the trial court's judgment is affirmed.

HOFFMAN, P.J., and CHEZEM, J., concur.

---

1. In any event, the trial court's finding that transfer was not in the "best interests of the children" has not been demonstrated to be erroneous. Although Mary contends that the trial court improperly failed to state why it held the way it did, we find that the trial court was not required to make specific findings of fact in regard to its decision because Mary did not request such findings. *See* Ind. Rules of Procedure, Trial Rule 52(A); *Wallace v. Rogier* (1979), 182 Ind.App. 303, 395 N.E.2d 297, 300. Furthermore, the term, "best interests of the children," includes more factors than just the physical location of the parties. In this case, the trial court had over nine years experience in dealing with Thomas, Mary, and their children. The trial court's familiarity with the children and the children's situation in relation to their parents is, by itself, enough for us to uphold the trial court's decision that transfer was not in the best interests of the Crowley children. We refuse to reweigh the evidence or second-guess the trial court.