ON PETITION FOR REHEARING
 

 CHEZEM, Judge.
 

 Case Summary
 

 Appellants-plaintiffs, Vera June Albright and Bobby Jo Albright (“Albrights”), petition this court for rehearing of our decision dismissing Albrights’ appeal for lack of a final appealable judgment in
 
 Albright v. Pyle, et al.,
 
 (1994), Ind.App., 634 N.E.2d 69. We grant rehearing, consider the merits of the appeal, and vacate the trial court’s order.
 

 Issues
 

 Albrights present the following issues:
 

 I. Whether Pyle’s motion for summary judgment should have been treated as a motion for judgment on the pleadings.
 

 II. Whether the trial court properly granted summary judgment in favor of Pyle.
 

 Facts and Procedural History
 

 Albrights filed a Complaint for Medical Malpractice against Michael Pyle, M.D. (“Pyle”), Hendricks County Radiology, Inc. (“Radiology”), and John P. Calhoun, M.D. (“Calhoim”) on December 6,1991. Pyle, Radiology and Calhoun filed their motions for summary judgment on September 6, 1992. Albrights filed a motion to treat the summary judgment motions as motions for judgment on the pleadings on October 20, 1992.
 

 David Cook, judge pro tern for the Marion Circuit Court, heard arguments on the summary judgment motions on November 9, 1992. Cook ruled on the motions on November 12, 1992, granting the summary judgment motions and denying the motion to treat the summary judgments as judgments on the pleadings. The parties did not receive notice of the rulings until January 11, 1993.
 

 Albrights filed a motion for relief from judgment under Trial Rule 60(B)(8) on January 22, 1998. Judge pro tem Cook granted this motion on March 4, 1993, and vacated the judgment from November 12, 1992. In addition, Cook re-entered his judgment from November 12th, granting summary judgment in favor of Pyle, Radiology and Calhoun, and denying Albrights’ motion to treat the motions for summary judgment as motions for judgment on the pleadings. Albrights timely filed their praecipe for appeal on March 11, 1993. On October 27, 1993, Albrights dismissed Radiology and Calhoun from the case, with prejudice.
 

 Discussion and Decision
 

 The underlying claim in this appeal is Albrights’ medical malpractice claim against Pyle, Radiology and Calhoun. We note that the medical malpractice act
 
 [1]
 
 invests the courts with limited jurisdiction in medical malpractice claims until the statutory medical review panel has rendered its opinion.
 
 Surgical Associates, Inc. v. Zabolotney
 
 (1992), Ind.App., 599 N.E.2d 614, 615,
 
 trans. denied.
 

 Albrights did not seek an opinion from the medical review panel prior to filing their medical malpractice claim with the trial court. Pyle, Radiology and Calhoun filed motions for summary judgment claiming that Albrights should have first filed the complaint with the review panel and attacking the court’s subject matter jurisdiction. An attack on the court’s subject matter jurisdiction cannot form the basis of a motion for summary judgment.
 
 Perry v. Stitzer Buick
 
 
 *1359
 

 GMC, Inc.,
 
 Ind. (1994), 637 N.E.2d 1282, 1286.
 

 A summary judgment is a decision on the merits which merges or bars the action for res judicata purposes and which may not be rendered by a court that itself lacks subject matter jurisdiction.
 
 Foshee v. Shoney’s, Inc.,
 
 Ind. (1993), 637 N.E.2d 1277, 1280. A claim of lack of subject matter jurisdiction should be advanced through a motion to dismiss for lack of subject matter jurisdiction under Trial Rule 12(B)(1). Dismissals under that rule serve simply to hold a matter in abatement such that the plaintiffs may still avail themselves of any existing administrative remedies.
 
 Id.,
 
 at 1280.
 

 The lack of subject matter jurisdiction can be raised at any time.
 
 Greenbrier Hills, Inc. v. Boes
 
 (1985), Ind.App., 473 N.E.2d 1040, 1042. If the parties do not question it, the trial court or Court of Appeals is required to consider the issue sua sponte.
 
 Id.
 
 Because neither the parties nor the trial court properly raised the issue, we sua sponte raise the dispositive issue of: Whether the trial court had jurisdiction to consider Albrights’ medical malpractice claim.
 

 At the time Albrights filed their medical malpractice claim, the jurisdictional requirements for filing claims were codified at I.C. §§ 16-9.5-9-2 and 16-9.5-9-2.1.
 
 [2]
 
 The statute requires that a claimant in a medical malpractice action must first present his claim to a medical review panel before the claim can be filed in a state court. Section 2 specifically states:
 

 (a) Except as provided in subsection (b) and in section 3.5 of this chapter, no action against a health care provider may be commenced in any court of this state before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel.
 

 This court has stated that when a claimant in a medical malpractice action has not presented the proposed complaint to the medical review panel and has not received an opinion from the panel, the state courts lack subject matter jurisdiction of the matter.
 
 McDonald v. Fairfield Pathologists, Inc.
 
 (1991), Ind. App., 580 N.E.2d 690, 692. However, the statute provides an exception to the requirement of presenting the claim to the panel. I.C. § 16-9.5-9-2.1 states:
 

 (a) Notwithstanding section 2 of this chapter, the patient may commence an action against a health care provider for malpractice without submitting a proposed complaint to a medical review panel if the patient’s pleadings include a declaration that the patient seeks damages from the health care provider in an amount no greater than fifteen thousand dollars ($15,-000). In an action commenced under this subsection, the patient is barred from recovering any amount greater than fifteen thousand dollars ($15,000), except as provided in subsection (b).
 

 Albrights filed their complaint for medical malpractice against Pyle, Radiology and Calhoun directly with the Hendricks Circuit Court. For the bodily injury suffered by Vera, the Albrights claimed $15,000 in damages against Pyle and $15,000 in damages against Radiology and Calhoun. Albrights argue that their cause of action alleged independent acts of negligence against Pyle and Radiology and Calhoun, and that they are entitled to seek $15,000 in damages from both defendants without having to first file the claim before the medical review panel. Pyle argues the trial court lacked subject matter jurisdiction under I.C. § 16-9.5-9-2.1 because Albrights sought a total of $30,000 for Vera’s bodily injury.
 

 When interpreting a statute, we must remember a statute is to be construed as a whole, giving the words their common and ordinary meaning and not overemphasizing a strict literal or selective reading of individual words.
 
 Avco Financial Services v. Metro Holding
 
 (1990), Ind.App., 563 N.E.2d 1323, 1328,
 
 reh’g denied.
 
 If the language of
 
 *1360
 
 the statute is clear and unambiguous, it is not subject to judicial interpretation.
 
 Id.
 

 Albrights argue that the statute reads in the singular and limits them to $15,000 in damages per medical provider. In support of this argument, they point to the following language in Section 2.1(a): “... the patient may commence an action against
 
 a health care provider
 
 for malpractice without submitting a proposed complaint to a medical review panel if the patient’s pleadings include a declaration that the patient seeks damages from
 
 the health care provider
 
 in an amount no greater than fifteen thousand dollars ($15,000).” (emphasis added in appellant’s brief). We do not agree with Albrights’ interpretation of the statute.
 

 As stated above, we must construe the statute as a whole and not overemphasize individual words.
 
 Id.
 
 at 1328. To interpret I.C. § 16-9.5-9-2.1, we must examine the section in its entirety. This involves examining Section 2.1(a) along with Section 2.1(b). A careful reading of Section 2.1(a) reveals that patients filing medical malpractice claims could not utilize the “shortcut” if they would recover more than $15,000 in damages. The last sentence of the subsection states that “[i]n an action commenced under this subsection, the patient is barred from recovering any amount greater than fifteen thousand dollars ($15,000), except as provided in subsection (b).” Section 2.1(b) reads as follows:
 

 A patient who:
 

 (1) commences an action under subsection (a) in the reasonable belief that damages in an amount equal to or less than fifteen thousand dollars ($15,000) are adequate compensation for bodily injury allegedly caused by the health care provider’s malpractice; and
 

 (2) later learns, during the pendency of the action, that the bodily injury is more serious than previously believed and that fifteen thousand dollars ($15,000) is insufficient compensation for the bodily injury;
 

 may move that the action be dismissed without prejudice and, upon dismissal of the action, may file a proposed complaint under section 1 of this chapter based upon the same allegations of malpractice as were asserted in the action dismissed under this subsection....
 

 The language in subsection (b) refers to “compensation for the bodily injury” in a medical malpractice action. After construing the statute as a whole, we decide that Section 2.1(a) is clear and unambiguous and must be interpreted to allow a patient to bypass the medical review panel only when the action for the bodily injury does not seek damages in excess of $15,000. If there are several defendants named in the malpractice action, the $15,000 limit covers the entire action and not each defendant. Because Al-brights sought damages for Vera’s bodily injury in the total amount of $30,000, their claim does not fall within the jurisdictional exception provided by I.C. § 16-9.5-9-2.1(a). As a result, the trial court did not have subject matter jurisdiction.
 

 In considering Pyle» Radiology and Calhoun’s motions for summary judgment, the trial court found that it did not have subject matter jurisdiction to hear the Al-brights’ medical malpractice complaint. However, the record shows that the trial court entered summary judgment in favor of Pyle, Radiology, and Calhoun instead of dismissing the case for lack of subject matter jurisdiction. This court has stated that “[w]hen there is a lack of subject-matter jurisdiction, the court has been said to be without jurisdiction to do anything in the case except to enter an order of dismissal.”
 
 Gorman v. Northeastern REMC
 
 (1992), Ind. App., 594 N.E.2d 843, 845,
 
 opinion clarified on denial of reh’g
 
 597 N.E.2d 366,
 
 trans. denied.
 
 In the present case, the trial court was without jurisdiction to grant the motions for summary judgment. As such, the judgments are void.
 
 In re Chapman
 
 (1984), Ind. App., 466 N.E.2d 777, 779,
 
 reh’g denied) trans. denied.
 
 Therefore, we vacate the trial court’s grant of summary judgment and dismiss for lack of subject matter jurisdiction.
 

 HOFFMAN and FRIEDLANDER, JJ., concur.
 

 [1]
 

 . At the time the Albrights filed their medical malpractice complaint, the medical malpractice act was codified at I.C. § 16-9.5-1-1 et seq. The act is now codified at I.C. § 27-12-1-1 et seq.
 

 [2]
 

 . These sections were repealed by the legislature in 1993 and were recodified at I.C. §§ 27-12-8-4 and 27-12-8-6.