TOWN OF MERRILLVILLE, Indiana, Albert Wirtes as Member of the Town Council, Town of Merrillville, Lake County, Indiana, et al., Appellants–Defendants,

and

Merrillville Sanitary District, Appellants–Intervenors,

v.

MERRILLVILLE CONSERVANCY DISTRICT, acting By and Through its BOARD OF DIRECTORS, Charles E. Price and Charlene Price, Appellees–Plaintiffs,

Gary Sanitary District, Independence Hill Conservancy District, Wastehaul, Inc., Intervenors.

No. 45A03–9401–CV–31.

Court of Appeals of Indiana, Third District.

April 13, 1995.

Rehearing Denied Aug. 4, 1995.

Michael L. Muenich, Hand Muenich & Wilk, Highland, for appellant.

Cora M. Vaughn, Vaughn & Associates, Gary, for GSD.

Christine Miller, William Theodoros, Merrillville, for Wastehaul.

Thomas M. Greenberg, Merrillville, for IHCD.

Martin Kinney, William Touchette, Merrillville, for appellee.

## OPINION

GARRARD, Judge.

This appeal arises from a dispute over the provision of sanitation services to Merrillville, Indiana. On motion for summary judgment the trial court found an ordinance passed by the town council of Merrillville regarding the creation of a sanitary district and department of sanitation to be invalid, and Merrillville appeals.

## FACTS AND PROCEDURAL HISTORY

In December of 1992, the town of Merrillville, Indiana, did not have its own sanitation system. Instead, the sanitary needs of the town were met by the Merrillville Conservancy District[1] (MCD), the Independence Hill Conservancy District (IHCD),[2] and certain other semi-private utilities. Some areas of Merrillville have no sewer service at all.

On December 29, 1992, Merrillville adopted Ordinance No. 92–29, creating a department of public sanitation and a sanitary district. Relevant portions of that ordinance state:

. Section 1. That Indiana Code, Title 36, Article 9, Chapter 23, as amended and supplemented be and is hereby adopted by the Town Council of the Town of Merrillville, Lake County, Indiana, so as to make said acts and all amendments and supplements thereto effective and operative as to the Town of Merrillville ... provided, however that the powers granted by said chapter ... shall be exercised, controlled and supervised by a Department of Public Sanitation established pursuant to the provisions of Indiana Code, Title 36, Article 9, Chapter 25.

(R. 24–25). The ordinance goes on to formally adopt Ind.Code § 36–9–25, to establish a board of sanitation, and to establish a sanitary district including all territory within the corporate boundaries of Merrillville and certain territory outside the town.

On January 29, 1993, the MCD filed a complaint for declaratory judgment, requesting the court to find ordinance 92–29 void. Merrillville filed a counterclaim, seeking a declaratory judgment that MCD be required to comply with an area wide plan for sanitation developed under § 201 and § 208 of the Clean Water Act and that its ordinance be declared valid.

MCD filed a motion for summary judgment on its claim and Merrillville's counterclaim. The trial court concluded that ordinance no. 92–29 was invalid when applied to the territories of MCD and IHCD,[3] that Merrillville could not control these areas or impose any sewer related taxes, and that MCD was entitled to summary judgment on Merrillville's counterclaim.

## ISSUES AND DISCUSSION

The parties raise numerous issues in their briefs, which we restate as follows:

I.  Whether ordinance no. 92–29 is void because of failure to comply with the mandatory provisions of Ind.Code § 36–9–23.

II. Whether ordinance no. 92–29 is void because I.C. § 36–9–25 is inapplicable to Merrillville.

III. Whether ordinance no. 92–29 is void because it violates the home rule statute.

IV. Whether the trial court erroneously granted summary judgment on Merrillville's counterclaim.

We are initially compelled to address violations of the appellate rules by MCD. MCD attempts to circumvent Ind.Appellate Rule 8.2(A)(4), which limits the length of an appellate brief to fifty pages, by assertedly incorporating by reference nearly eighty pages of previously filed briefs into its appellate brief. The appellate brief should be prepared so that each judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented. *Coney v. Farmers State Bank* (1970), 146 Ind.App. 483, 256 N.E.2d 692, 696. The brief must be prepared so that all questions can be determined by the court from an examination of the brief without having to examine the record, because there is only one transcript to be shared among all

---

1. The MCD was created in 1962 for the purpose of providing collection, treatment and disposal of sewage and other liquid wastes. The town of Merrillville incorporated in 1972. (R. 10).

2. IHCD is an intervenor in this action, along with several other interested parties; however, IHCD is the only intervening party to file a brief on appeal.

3. The court also found the ordinance to be invalid in attempting to establish a sanitary district over territory already covered by the Community Utilities of Gary, Inc., the Gary Sanitary District, Lake County Redevelopment Commission and the Lake County Drainage Board as to Redevelopment area No. 1.

the judges. *Id.* Inexplicably, MCD also expends seventeen pages of its appellate brief to discuss certain deposition testimony. First, MCD makes no effort to explain how any of this testimony is relevant to our determination of whether ordinance 92–29 is valid.[4] More importantly, none of this testimony was properly designated under Ind.Trial Rule 56, and it therefore cannot be considered by us on appeal.

## ISSUE I

■ Merrillville contends that the trial court erred in granting summary judgment because municipalities are authorized to regulate sanitation systems under I.C. § 36–9–23. MCD contends that Merrillville did not properly invoke any authority granted by the statute because the town did not comply with the statute's mandatory provisions.

■ Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). Once the moving party has met its burden of proving that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law, the opponent must respond by setting forth specific facts showing a genuine issue for trial, and may not simply rest on the allegations contained in the pleadings. *Adams v. Inland Steel Co.* (1993), Ind.App., 611 N.E.2d 141, 143, *trans. denied.* At the time of the filing of the motion or response, a party shall designate to the court all parts of the evidentiary materials upon which it relies for purposes of the motion. T.R. 56(C); *Daugherty v. Fuller Engineering Service Corp.* (1993), Ind.App., 615 N.E.2d 476, 479. In our review we apply the same standard as the trial court and consider the facts in the light most favorable to the nonmoving party. *Id.; Valley Federal Sav. Bank v. Anderson* (1993), Ind.App., 612 N.E.2d 1099, 1101.

■ A review of the well-established rules of statutory construction is also necessary to our analysis of this case. When construing a statute to determine the intent of the legislature, words and phrases are to be given their common and ordinary meaning. *Crowley v. Crowley* (1992), Ind.App., 588 N.E.2d 576, 578. If the language of a statute is clear and unambiguous it is not subject to judicial interpretation. *Avco Financial Services v. Metro Holding* (1990), Ind.App., 563 N.E.2d 1323, 1328. However, when the language is reasonably susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. *Id.* Statutory provisions cannot be read standing alone; instead, they must be construed in light of the entire act of which they are a part. *Deaton v. City of Greenwood* (1991), Ind.App., 582 N.E.2d 882, 885. When the legislature enacts a statute, we presume it is aware of existing statutes in the same area. *Inman v. Farm Bureau Ins.* (1992), Ind.App., 584 N.E.2d 567, 569 n. 3. When construing an ordinance, we apply these rules of construction. *Burrell v. Lake County* (1993), Ind.App., 624 N.E.2d 526, 529. Ordinances should be interpreted so as to uphold their validity whenever possible. *Id.*

The ordinance at issue initially states that it adopts I.C. § 36–9–23 as being effective in Merrillville. This statute, titled Municipal Sewage Works, is applicable to all municipalities pursuant to I.C. § 36–9–23–1. The statute grants a municipality the power to:

1) acquire, construct, improve, operate, and maintain sewage works under this chapter;

2) acquire, by gift, grant, purchase, condemnation, or otherwise, all lands, right-of-way, and other property that are necessary for the sewage works; and

3) issue revenue bonds to pay the cost of acquiring, constructing, and improving the sewage works and property; and

4) lease sewage works from a person, an entity, a corporation, a public utility, or a unit for a term not to exceed fifty (50) years.

I.C. § 36–9–23–2. The act provides that the municipal works board shall control the ac-

---

4. Indeed, at the hearing on the motion for summary judgment, the attorney for MCD stated: "I think we would agree that the depositions that have been published have nothing to do with the motion for summary judgment." (Supp.R. 150).

quisition, construction, operation and maintenance of the sewage works, and that such powers may be transferred to a sanitary board. I.C. § 36–9–23–3, 4.

MCD concedes that the statute is applicable to Merrillville, but contends that the town failed to properly invoke this statutory authority, thereby violating the home rule statute. The home rule statute states that "[i]f there is a constitutional or statutory provision requiring a specific manner for exercising a power, a unit wanting to exercise that power must do so in that manner." I.C. § 36–1–3–6(a). MCD asserts that Merrillville failed to follow the mandatory provisions of I.C. § 36–9–23–10: "[b]efore the construction, acquisition, or lease of any sewage works under this chapter, the municipal legislative body shall adopt an ordinance or ordinances" setting forth certain information, including a description of the works or construction plans, cost estimates, an order for the construction, acquisition or lease of the works, an estimate of fees, and an order for the issuance of revenue bonds. I.C. § 36–9–23–10(a).

We agree with Merrillville that the language of I.C. § 36–9–23 is clear and unambiguous. The chapter applies to all municipalities, and section 10 plainly states that an ordinance including the listed information is only required "before the construction, acquisition or lease of any sewage works." The ordinance before us does not purport to construct, acquire or lease sewage works; rather, it states that Merrillville has the authority to do so. While perhaps redundant, there is nothing in the language of the ordinance that would render it invalid under I.C. § 36–9–23 and the home rule statute.

### ISSUE II

▇ Ordinance 92–29 initially cites I.C. § 36–9–23 as authority, but then purports to transfer the powers granted under that chapter to a Department of Public Sanitation established under I.C. § 36–9–25. Merrillville contends that it was entitled to establish such a department, while MCD argues that

this statute is not applicable to a municipality such as Merrillville.

Chapter 25 is titled Sanitation Department in Certain Cities. It is applicable in the following circumstances:

(a) This chapter applies to each municipality in a county having a population of more than four hundred thousand (400,000) but less than seven hundred thousand (700,000) in which the legislative body has adopted this chapter by ordinance.

(b) This chapter also applies to each second class city not in such a county in which the legislative body has adopted this chapter by ordinance.

(c) In addition, in a consolidated city sections 9 through 38 of this chapter apply to the department of public works and the board of public works, subject to IC 36–3–4–23.

I.C. § 36–9–25–1.[5]

The dispute among the parties centers on whether the phrase "in which the legislative body has adopted this chapter by ordinance" in subsection (a) refers to "municipality" or "county." As either reading is a plausible construction under the plain language of the statute, we must resort to rules of statutory construction to ascertain the intent of the legislature. *Avco Financial Services,* 563 N.E.2d at 1328.

In examining the act as a whole, we note section 7, dealing with certain effects of adopting the chapter, states that "[t]his section applies to cities in a county that is listed in section 3(b)(3) of this chapter. However, subsections (b) and (c) of this section also apply to *municipalities that adopt this chapter by ordinance under section 1(a) of this chapter.*" I.C. § 36–9–25–7 (emphasis added). Furthermore, the general grant of authority regarding sewage works is to the municipality, not the county. *See* I.C. § 36–1–3–9(a) (a municipality has exclusive jurisdiction over sewers inside its corporate boundaries, unless a statute provides otherwise); *Zahm v. Peare* (1985), Ind.App., 502 N.E.2d 490, 494 (power of a municipality to

---

**5.** While chapter 23 provides general authority for municipalities to control sewage works, chapter 25 provides for sanitation departments and districts, with specific and different powers, for certain qualifying cities.

control the disposal of sewage is past dispute). Moreover, the powers granted in chapter 25 are granted to *municipalities,* not counties. Nothing in the structure of the chapter convinces us that the legislature intended to provide to a county the authority for making the chapter applicable to municipalities. If the county legislative body was the entity which had to adopt the chapter under I.C. § 36–9–25–1(a), it would mean that the county could impose chapter 25 on all municipalities within its boundaries. This result is not consistent with the overall design of the statute.

An examination of the legislative history of this section further supports our conclusion. From 1961 through 1981, the language of this section, while going through various changes, remained substantively the same:

Cities of the second class located in any county having a population of more than one hundred thirty-five thousand (135,000) and less than one hundred sixty-five thousand (165,000) ... may create and establish, *by an ordinance duly passed by the common council of such cities,* a sanitary district....

Acts 1973, P.L. 194, sec. 1 (emphasis added).[6] In 1981, the legislature substantially revised laws relating to local government. I.C. 36–9 was amended by adding a new chapter 25:

This chapter applies to each municipality in a county having more than two (2) second class cities in which the legislative body has adopted this chapter by ordinance.

Acts 1981, P.L. 309, sec. 98.

■■■■■ Amendments are to be construed together with the original act to which they relate as constituting one law, as a part of the original act, and also with other statutes on the same subject or relative subjects whether in force or repealed. *Wooley v.*

*Commissioner of Motor Vehicles* (1985), Ind. App., 479 N.E.2d 58, 60. When the legislature enacts an amendatory statute, it is presumed to have intended to change the law. *Id.* However, there is an exception to this presumption: the presumption will not apply if it appears that the amendment was made only to express the original intention of the legislature more clearly. *Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188, 1194.

While recognizing the above presumption, we cannot find from an examination of the act as a whole an intention to make such a substantial change after a long history of providing for cities to adopt the chapter by ordinance. It appears that the intention of the legislature was merely to simplify the language involved; had such a substantial change been intended, the legislature could have used more direct language to indicate such a modification. Further, at the conclusion of the act, the legislature included the following language:

This act is intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by this act. If this act repeals and replaces a law in the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted.

Acts 1981, P.L. 309, sec. 116(a).

Thus, we conclude that the statutory language of I.C. § 36–9–25 does not render it inapplicable to Merrillville.

ISSUE III

■■■■ Another ground advanced by MCD for supporting the trial court's grant of summary judgment is that ordinance no. 92–29 is void because it violates the home rule statute.[7]

6. The statutes referenced dealt with both the creation of a sanitary district and a board of sanitary commissioners. *See* Acts 1981, P.L. 309, sec. 981; Acts 1977, P.L. 360, sec. 2; Acts 1976, P.L. 85, sec. 1; Acts 1972, P.L. 149, sec. 1; Acts 1965, ch. 184, sec. 1; Acts 1963, ch. 205, sec. 1; Acts 1961, ch. 262, sec. 3.

7. IHCD also cites case law for the contention that two municipal corporations established for

the same purpose with coextensive powers of government over the same territory cannot exist, and, therefore, the first entity undertaking jurisdiction exercises it exclusively. IHCD concedes this principle has been codified and modified by I.C. § 36–1–3–5, so we shall only address the applicability of the home rule statute.

IHCD further argues that the creation of a second special taxing district violates the "uni-

We have already addressed MCD's argument that the ordinance violates I.C. § 36–1–3–6 by failing to properly invoke the provisions of I.C. § 36–9–23, finding no such violation. However, MCD also advances the argument that the ordinance attempts to establish a special taxing district under I.C. § 36–9–25–14, while MCD and IHCD already impose a special benefits tax under I.C. § 13–3–3–59. MCD maintains that this action violates the following provision of the home rule statute:

> A unit may exercise any power it has to the extent that the power:
>
> (1) is not expressly denied by the Indiana Constitution or by statute; and
>
> (2) is not expressly granted to another entity.

I.C. § 36–1–3–5 (amended by P.L. 251–1993, sec. 2). *See also Ryan Homes, Inc. v. Town of Cumberland* (1984), 7th Cir., 742 F.2d 1115, 1118 (under Indiana law, there cannot be two municipal corporations for the same purpose with coextensive powers of government extending over the same territory), citing *Edwards v. Housing Authority of City of Muncie* (1939), 215 Ind. 330, 19 N.E.2d 741, 746. MCD contends that the power to create a special taxing district for the purpose of sewer services, and to provide sewer services in general, has already been granted to it under I.C. § 13–3–3 and, therefore, Merrillville may not exercise the same powers.

There is no dispute that MCD and IHCD are valid conservancy districts under I.C. § 13–3–3 created for the purpose of "providing for the collection, treatment, and disposal of sewage and other liquid wastes." I.C. § 13–3–3–2(a)(5). All of the property in the district constitutes a taxing district for the purpose of levying special benefit taxes. I.C. § 13–3–3–59. Under I.C. § 36–9–25–14, all territory included within the municipality to which the chapter applies constitutes a spe-

cial taxing district for the purpose of providing for the sanitary disposal of the sewage of the district.

To the extent that the MCD and IHCD have been granted specific powers under I.C. § 13–3–3 to provide for the collection, treatment and disposal of sewage, including the creation of a taxing district, we agree that Merrillville is precluded from exercising conflicting powers under the home rule statute. From the preamble of ordinance 92–29, it is clear that the purpose of the ordinance is to create a sanitary department to control a sanitary sewage system for Merrillville and surrounding areas which will acquire, maintain and install new and existing sewer facilities. (R. 24). However, this ordinance in fact only accomplishes the following:

1) Assumes the powers of I.C. § 36–9–23;
2) Delegates these powers to a Department of Sanitation under I.C. § 36–9–25;
3) Adopts chapter 25 to make it "effective and operative;"
4) Establishes a board of sanitary commissioners;
5) Creates a sanitary district and defines the area included;

(R. 24–30). Thus, while the ordinance does establish a board of sanitary commissioners and a sanitary district, it does not purport to acquire or construct any sewer works, nor does it impose any type of tax.[8]

We conclude that Merrillville is precluded from exercising any powers which have been granted to MCD and IHCD under I.C. § 13–3–3, as such would be a violation of I.C. § 36–1–3–5. While we decided *supra* that chapter 25 is not inapplicable on its face, the fact that it requires an enacting municipality to create a special taxing district means that Merrillville may not invoke the powers granted by this chapter without violating the home rule statute. Since chapter 25 also requires all territory within a municipality to be in-

---

form and equal taxation" requirement of Ind. Const., art. 10, § 1. As we determine that the creation of a special taxing district is invalid under the home rule statute, we do not reach this issue.

**8.** MCD also argues that the creation of a taxing district which will impose a tax upon the freeholders of the MCD, who are the equitable own-

ers of the MCD's sewers, thereby imposes a duty upon the MCD in violation of I.C. § 36–1–3–8(3): "[A] unit does not have the following: ... The power to impose duties on another political subdivision, except as expressly granted by statute." However, as we have determined that the ordinance does not in fact impose a tax, MCD's argument is without merit.

cluded in the district, Merrillville also may not invoke the powers under chapter 25 within the areas of the town which are not covered by the conservancy districts.[9]

## ISSUE IV

Finally, Merrillville contends that the trial court erred in granting summary judgment on its counterclaim against MCD.

 The essence of Merrillville's counterclaim is that MCD participated in local and areawide sewage plans pursuant to § 201 and § 208 of the Clean Water Act, under which MCD agreed that it would eventually be phased out and the Merrillville sewer service area would be managed by a sanitary district. Merrillville asked the court for a declaratory judgment implementing the plans established under the act. Merrillville argues in its brief:

> "[w]ithout any further factual development on this issue, and without addressing the enforceability of the Areawide Plan, the lower court precipitately granted summary judgment on Merrillville's counterclaim. Further factual development is expected to establish the extent to which MCD agreed to be bound by the recommendations the Areawide Plan and the available methods to compel MCD to comply with those recommendations. Summary judgment without allowing Merrillville to present such proof was wholly inappropriate and premature.

(Brief of Appellant at 31–32).

We agree with MCD that summary judgment was appropriate. I.C. § 13-1-3-4(a) provides that the Indiana Water Pollution Control Board "may adopt rules ... that are necessary to the implementation of the Federal Water Pollution Control Act...." Further, the Indiana Department of Environmental Management has been designated the water pollution agency for Indiana for all purposes of the Federal Water Pollution Control Act. I.C. § 13-7-2-15(a)(1). Under the home rule statute, Merrillville is prohibit-

ed from regulating conduct that is regulated by a state agency. I.C. § 36-1-3-8(a)(7).

The grant of summary judgment on Merrillville's counterclaim is affirmed. The grant of summary judgment on MCD's declaratory judgment action is modified consistent with this opinion.

Affirmed as modified.

HOFFMAN, and RILEY, JJ., concur.

---

9. We briefly note that our determination on this issue does not affect the applicability of I.C. § 36-9-23 to the extent that the implementation of any powers under the statute do not conflict with those granted to the conservancy districts under I.C. § 13-3-3.