**BETA STEEL CORPORATION,**
Appellant–Defendant,

v.

**PORTER COUNTY, Indiana,**
Appellee–Plaintiff.

No. 37A03–9709–CR–329.

Court of Appeals of Indiana.

May 29, 1998.

Transfer Denied Aug. 19, 1998.

Phillip A. Norman, James L. Clement, Jr., Costas Norman & Clement, Valparaiso, for Appellant–Defendant.

## OPINION

BAKER, Judge.

Appellant-defendant Beta Steel Corporation (Beta Steel) brings this interlocutory appeal from the trial court's order denying its motion for judgment on the pleadings. Specifically, Beta Steel contends that the trial court should have entered judgment in its favor and against appellee-plaintiff Porter County because the county lacked jurisdiction to enforce the provisions of an ordinance against Beta Steel.

## FACTS

Beta Steel is a corporate resident of the city of Portage, Indiana, which is located in Porter County. On March 5, 1990, the Porter County Board Of Commissioners enacted an ordinance (Lock Box Ordinance) requiring corporations that use, store, handle or dispose of hazardous toxic substances within the county to install and maintain a lock box containing an Emergency Action Plan for county personnel to follow in the event of an industrial accident.

On March 27, 1996, an explosion occurred at Beta Steel. During an investigation conducted by Porter County emergency personnel, it was discovered that Beta Steel was in violation of the ordinance because it had failed to install and maintain a lock box on the premises. As a result, Porter County issued a multiple-count citation against Beta Steel, seeking to impose fines for the violations. In response to the citations, Beta Steel claimed that it was not subject to the provisions of the Lock Box Ordinance because there was no express statutory authority allowing the county to enforce the ordinance against city residents for alleged violations that had occurred within the city's boundaries.

On September 27, 1996, Beta Steel filed a motion for judgment on the pleadings pursuant to Ind. Trial Rule 12(C), alleging that it was entitled to judgment as a matter of law because the county lacked jurisdiction to enforce the Lock Box Ordinance against it. Following a hearing on April 21, 1997, the trial court denied Beta Steel's motion. Thereafter, the trial court certified its interlocutory order denying Beta Steel's motion for judgment on the pleadings. On October 1, 1997, this court granted Beta Steel's petition for leave to appeal from the interlocutory order.

## DISCUSSION AND DECISION

### I. Standard Of Review

■ We initially observe that Porter County did not file an appellate brief. When the appellee fails to file a brief on appeal, it is within our discretion to reverse the trial court's decision if the appellant makes a prima facie showing of reversible error. *Phegley v. Phegley*, 629 N.E.2d 280, 282 (Ind.Ct. App.1994), *trans. denied*. Prima facie error is error which occurs at first sight, on first appearance, or on the face of it. *Johnson Co. Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985). However, when an appellant is unable to meet this burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App. 1986), *trans. denied*. Moreover, it is within our discretion to decide a case on the merits. *In re Marriage Of Hollingsworth*, 671 N.E.2d 165, 166–67, n. 2 (Ind.Ct.App.1996).

■ A motion pursuant to T.R. 12(C) for judgment on the pleadings may properly be granted only where there are no genuine issues of material fact. *Gregory and Appel, Inc. v. Duck*, 459 N.E.2d 46, 49 (Ind.Ct.App. 1984). For purposes of appellate review, the moving party is deemed to have admitted well-pleaded facts in favor of the nonmovant, and this court will draw all reasonable inferences in favor of the non-movant. *Alonso v. City of Hammond*, 648 N.E.2d 1221, 1224 (Ind.Ct.App.1995), *trans. denied*.

### II. Applicability Of County Ordinance To Beta Steel

Beta Steel argues that Porter County is prohibited from exercising authority over the city of Portage and its residents because it has not been expressly authorized to do so by the legislature. Specifically, Beta Steel contends that Porter County's effort to impose the Lock Box Ordinance upon Beta Steel, a corporate citizen of Portage, constitutes an impermissible interference of the city government by the county. As Beta Steel asserts that no statute specifically provides that one government unit may require another to comply with its ordinances, it urges that the Home Rule Act [1] bars the county from enforcing the provisions of the Lock Box Ordinance against it because Beta Steel is a city resident.

In order to resolve this issue, we initially turn to the policies and intent behind the

---

1.  IND. CODE § 36–1–3–1 to 9.

provisions of our Home Rule Act. The Home Rule Act has abrogated the traditional rule that local governments possessed only those powers expressly authorized by statute and has declared that a local government possesses "all other powers necessary or desirable in the conduct of its affairs ..." I.C. § 36-1-3-4(b)(2). Specifically, a county may exercise any power it has to the extent that the power is not expressly denied by the Indiana Constitution or by statute and is not granted to another entity. I.C. § 36-1-3-5. Cities and counties are each granted the broad authority to regulate conduct that might endanger the public health, safety, or welfare. I.C. § 36-8-2-4. With the exception of certain functions expressly reserved for municipality regulation,[2] the areas "inside the boundaries of a county comprises its territorial jurisdiction." I.C. § 36-1-3-9.

■ In support of its argument that the Lock Box Ordinance may not be enforced against it, Beta Steel relies on *Town of Merrillville v. Merrillville Conservancy Dist.,* 649 N.E.2d 645 (Ind.Ct.App.1995), *trans. denied.* In *Town Of Merrillville,* the city adopted an ordinance creating its own sanitation department. *Id.* 648. The conservancy district contended that the ordinance violated the Home Rule Act because the power to provide sewer services had already been granted to it under I.C. § 13-3-3-2(a)(5)[3], and, therefore, the town was precluded from exercising those same powers. This court agreed and held that because the conservancy district had been granted specific powers under the statute to provide for sewage disposal, the town of Merrillville was precluded from exercising conflicting powers under the Home Rule Act. *Id.* at 652.

Unlike the circumstances presented in *Town Of Merrillville,* the city of Portage has not been granted specific powers by our legislature to enact ordinances pertaining to the safety issues and requirements addressed in the Porter County Lock Box Ordinance. Further, there is no evidence that Portage

has a corresponding or conflicting lock box ordinance. As a result, *Town Of Merrillville* does not apply to the instant case. Rather, we find that the holding in *City Of Crown Point v. Lake County,* 510 N.E.2d 684 (Ind. 1987) controls.

In that case, the city sought an injunction requiring the county's compliance with its zoning ordinance. Although our supreme court recognized that there was no specific statutory authorization empowering the city to enforce its regulations upon another political subdivision, the court nonetheless concluded that the county government's property was subject to the zoning authority of the city. Specifically, the court made the following observations:

> Strict interpretation of the limitation that a unit may not impose a duty on a political subdivision without express statutory authority would lead to the conclusion that counties may not enforce speed zones against city employees and cities may not prohibit counties from dumping raw sewage in rivers and streams. '[A]dherence to such strict letter would lead ... to absurdity.'

*Id.* at 686, quoting *Zoercher v. Indiana Associated Telephone Corp.,* 211 Ind. 447, 455, 7 N.E.2d 282, 285 (1937). As in *City Of Crown Point,* there is no express statutory authority permitting Porter County to enforce the provisions of the Lock Box Ordinance against the residents of the City of Portage. As discussed above, however, this does not mean that Porter County is precluded from enforcing the provisions of the Lock Box Ordinance against Beta Steel.

■ Nevertheless, Beta Steel contends that Porter County may not enforce the Lock Box Ordinance against it because there was no interlocal cooperation agreement between the county and the city of Portage in accordance with IND. CODE § 36-1-7-2. This statute provides in relevant part as follows:

---

**2.** I.C. § 36-1-3-9 provides in relevant part that "a municipality has exclusive jurisdiction over bridges, ... streets, alleys, sidewalks, watercourses, sewers, drains, and public grounds inside its corporate boundaries, unless a statute provides otherwise."

**3.** This section grants conservancy districts the specific powers to provide for the collection, treatment and disposal of sewage.

A power that may be exercised by an Indiana political subdivision and by one (1) or more other governmental entities may be exercised:

    (1) by one (1) or more entities on behalf of others; or

    (2) jointly by the entities.

Entities that want to do this must, by ordinance or resolution, enter into a written agreement under section 3 or 9 of this chapter.

In the instant case, while both the city and the county may regulate conduct that might endanger the public health, safety, or welfare in accordance with I.C. § 36–8–2–4, there is no evidence that Porter County enacted the Lock Box Ordinance for, or on behalf of, the city of Portage. Additionally, the city has not attempted to assert any jurisdiction over the lock boxes within its corporate boundaries which might otherwise require the applicability of I.C. § 36–1–7–2. Because Porter County was the only governmental entity to establish a lock box ordinance in accordance with its power to regulate conduct with respect to health and safety issues, it may do so absent an interlocal cooperation agreement. *See Town Of Merrillville,* 649 N.E.2d at 651, n. 7. As a result, Porter county is not precluded from enforcing the provisions of its Lock Box Ordinance against Beta Steel.

## CONCLUSION

In light of our resolution of the issues set forth above, we conclude that the Home Rule Act does not prohibit Porter County from enforcing its Lock Box Ordinance against Beta Steel. We also note that the absence of an interlocal cooperation agreement between Porter County and the city of Portage does not prevent the county from enforcing the ordinance. As a result, we affirm the trial court's denial of Beta Steel's motion for judgment on the pleadings.

Judgment affirmed.

SULLIVAN and KIRSCH, JJ., concur.