**Cecil K. KOGER, Administrator of the Estate of Karen K. Koger, Deceased, Plaintiff-Appellant,**

v.

**Devin R. REID, Defendant-Appellee.**

**No. 1–580 A 127.**

Court of Appeals of Indiana.

March 17, 1981.

Mark Peden, Foley, Foley & Peden, Martinsville, for plaintiff-appellant.

Harold A. Harrell, Joseph D. O'Connor III, Bunger, Harrell & Robertson, Bloomington, for defendant-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, Cecil K. Koger, Administrator of the Estate of Karen K. Koger, deceased (Koger) appeals a judgment entered in the Owen Circuit Court upon a jury verdict against defendant-appellee Devin R. Reid (Reid) awarding damages for the wrongful death of his daughter, Karen K. Koger (Karen).

## STATEMENT OF THE FACTS

Karen was killed while a passenger in Reid's automobile on June 12, 1977, twelve days prior to what would have been her eighteenth birthday. Koger filed suit under Ind.Code 34–1–1–2, alleging he and his two sons, ages ten and sixteen, were Karen's dependent next of kin. Reid admitted liability; the evidence presented at trial was concerned solely with dependency and damages.

The undisputed evidence discloses that Koger's wife died on December 9, 1975. At that time, Karen was still in high school and was living at home. A model student, she graduated in December of 1976. From a time prior to her mother's death until June 12, 1977, Karen cooked, sewed, laundered clothes, shopped, and performed other household chores. She helped take care of her younger brothers and chauffeured them to school functions and church. Witnesses characterized her as a "substitute mother" for the younger children. After graduation, Karen became employed outside the home. She maintained a personal bank account and spent her money as she saw fit. She paid no money for room and board and contributed no money for the general upkeep of the household. Nevertheless, she remained subject to parental discipline. Karen had no plans to marry, but intended to go to college the following fall.

The evidence further discloses Koger earned up to $26,000 per year as a truck driver. As head of household, he paid all expenses and claimed Karen and the boys as dependents for income tax purposes. Koger remarried on August 27, 1977.

## ISSUE

The sole issue is whether the court committed reversible error in allowing Reid, on cross-examination, to elicit the fact that Koger had remarried. Prior to trial, the court granted Koger's motion in limine to prohibit any reference to remarriage. However, upon motion at the close of plaintiff's evidence, the court reversed its ruling and permitted the evidence of remarriage to go to the jury. Koger preserved the error by timely objection to the evidence. *Marsh v. Lesh,* (1975) 164 Ind.App. 67, 326 N.E.2d 626.

## DISCUSSION AND DECISION

Koger cites four cases in which Indiana courts have applied the rule that evidence of remarriage may not be considered in a suit for wrongful death of a spouse: *Wabash Railroad Company v. Gretzinger,* (1914) 182 Ind. 155, 104 N.E. 69; *Consolidated Stone Company v. Morgan,* (1903) 160 Ind. 241, 66 N.E. 696; *Indiana State Highway Commission v. Clark,* (1978) Ind.App., 371 N.E.2d 1323; *City of Bloomington v. Holt,* (1977) 172 Ind.App. 650, 361 N.E.2d 1211.

In *Clark, supra,* the court stated the rationale for the rule, as follows:

> "Evidence of financial benefit resulting from the remarriage of a widowed plaintiff would constitute a collateral source which could not properly be considered by the jury in assessing damages. Just as it would be improper for a jury to consider insurance payments made to an injured plaintiff in computing damages, so also it is improper for a jury to consider financial benefits derived from a widowed plaintiff's remarriage."

371 N.E.2d at 1328.

Reid's inquiry into the matter was limited to the single question of whether Koger had remarried on August 27, 1977. Reid did not pursue the possible financial benefits of Koger taking a new wife. Koger asserts that although Karen made no monetary contribution, her services as a "substitute mother" were of pecuniary value and compensable. He argues the evidence of remarriage raised an inference his new wife would perform those tasks previously performed by Karen and was, therefore, tantamount to evidence of a collateral source in mitigation of damages. Acknowledging the exclusionary rule has been applied only in actions for the wrongful death of a spouse, Koger argues that in light of his daughter's exemplary conduct, his situation appears analogous.

Assuming, without deciding, such evidence was inadmissible, the mere fact it was admitted does not require reversal. In *Evans v. Breeden*, (1975) 164 Ind.App. 558, 561, 330 N.E.2d 116, this court stated:

"On appeal, Evans contends that the trial court erred in permitting the cross-examination of Evans's father to extend to the subject of benefits from a collateral source.

The collateral source rule is stated as follows:

'Compensation for the loss received by plaintiff from a collateral source, independent of the wrongdoer, as from insurance, cannot be set up by the wrongdoer in mitigation of damages,' 9 I.L.E. Damages § 86, p. 253—Insurance or other Collateral Compensation.

The rule has been generally followed in Indiana. *Power v. Ellis* (1952), 231 Ind. 273, 108 N.E.2d 132; *Cox v. Winklepleck* (1971), 149 Ind.App. 319, 271 N.E.2d 737.

It is held that admission of evidence of benefits from a collateral source tends to prejudice the jury and influence their verdict, not only as to damages, but also as to liability. *Brindle v. Harter* (1965), 138 Ind.App. 692, 211 N.E.2d 513.

However, it is not every violation of the strict language of the collateral source rule that constitutes reversible error. It is well-established that error in the admission or exclusion of testimony on cross-examination will not be grounds for reversal unless the complaining party is actually prejudiced thereby. *Jameson v. McCaffry* (1973), 157 Ind.App. 480, 300 N.E.2d 889.

As stated in *Brindle v. Harter* (1965), 138 Ind.App. 692, 211 N.E.2d 513:

'. . . there must appear the possibility that in view of all evidence presented the erroneously admitted evidence could have affected the final verdict.' 138 Ind.App. at 699, 211 N.E.2d at 517."

In his brief, Koger argues:

"The ruling was error. Plaintiff has no legal way of proving that the verdict would have been greater without that error. But this Court can see from the cold pages of the transcript that the effect of such revelation at the end of trial was highly prejudicial to the damages question."

Upon review of the record, we are not convinced the admission of evidence of Koger's remarriage was prejudicial to his case. There are serious deficiencies in Koger's evidence which, in our opinion, account for the fact that the jury awarded little more than the amount necessary to reimburse the expenses of burial, administration, and the instant cause of action. An examination of the material elements of a cause of action by a dependent next of kin reveals these deficiencies.

Where dependent next of kin are the beneficial claimants, the personal representative must show a need or necessity for support on the part of those persons alleged to be dependent, coupled with an actual contribution of such support by the deceased. "Payments of board, lodging, or other accommodations, mere gifts, or acts of generosity are insufficient to establish dependency." *New York Central Railroad Company v. Johnson*, (1955) 234 Ind. 457, 465, 127 N.E.2d 603. *See Novak v. Chicago & Calumet District Transit Company*, (1956) 235 Ind. 489, 135 N.E.2d 1. In *Kirkpatrick v. Bowyer*, (1960) 131 Ind.App. 86, 94, 169 N.E.2d 409, the court quoted with approval the following language from 25A C.J.S. Death § 33(3), p. 650:

"Dependency is based on a condition and not a promise, and such dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of the decedent, an actual dependence coupled with a reasonable expectation of support or with some reasonable claim to support from decedent. The mere fact that the deceased occasionally contributed to the support of the beneficiary in some irregular way is not sufficient to support the action. However, it is not necessary that the beneficiary be wholly dependent."

Dependent next of kin not spouses or children of the deceased may recover damages

for only the pecuniary loss. *Kirkpatrick, supra.*

■ In the case at bar there is a paucity of evidence in support of the element of dependency; that is, it is questionable whether the evidence supports an inference that Koger and Karen's younger brothers were in a condition of "necessitous want." Furthermore, there is formidable evidence in negation of that element: Koger was an able-bodied man with an annual income of $26,000; he paid all household and familial expenses, including Karen's maintenance; his attitude regarding dependency status was indicated on his income tax return. We are of the opinion the jury fairly weighed the evidence and made a just determination on the merits. Koger has not shown the admission of the evidence of remarriage had a prejudicial effect on the jury's verdict.

For the reasons stated above, the judgment is affirmed.

Affirmed.

ROBERTSON and RATLIFF, JJ., concur.