Christopher O'CONNOR, a Minor by his Parent and next Friend, Dewayne O'CONNOR, Dewayne O'Connor, and Dorene O'Connor, Appellants–Plaintiffs,

v.

Carol STEWART, Appellee–Defendant.

No. 43A03–9509–CV–320.

Court of Appeals of Indiana.

July 29, 1996.

Michael E. Cook, Warsaw, for appellants.

R. Kent Rowe, Stephen D. Groth, Rowe & Rowe, South Bend, for appellee.

## OPINION

HOFFMAN, Judge.

Appellants-plaintiffs Christopher O'Connor, a minor, Dewayne O'Connor, and Dorene O'Connor appeal from the grant of summary judgment in favor of appellee-defendant Carol Steward in an action arising from a dog bite. The designated facts relevant to appeal are summarized below.

In September 1992, James C.[1] and Carol Stewart entered into a rental agreement with Tim and Kathy Garris (the Garrises) for the lease of premises located at "1376 W. 400 S., Warsaw, Indiana." The Garrises are owners of a red chow dog ("dog"). On March 15, 1993, the dog bit twelve-year-old Christopher O'Connor.

On November 28, 1994, the O'Connors filed a complaint against the Garrises and the Stewarts for damages in excess of $1,000,-000.00 resulting from the March 15, 1993 incident. Carol Stewart filed for and received summary judgment on the issue of her liability. The O'Connors appeal.

On appeal, the O'Connors raise two issues, which we consolidate into one: whether the trial court erred in granting summary judgment in favor of Carol Stewart.

In 1991, the Indiana Supreme Court amended Ind. Trial Rule 56(C) to require specific designation. Because the purpose of

---

1. James passed away on April 4, 1991.

the amendment to T.R. 56 is to decrease the amount of evidentiary material trial courts are required to sift through in ruling on summary judgment motions, *Pierce v. Bank One–Franklin, NA,*, 618 N.E.2d 16, 19 (Ind. Ct.App.1993), *trans denied,* following the amendment, no longer can either the trial court or this Court on appeal look beyond the evidence specifically designated to the trial court in ruling on a motion. *Midwest Commerce Banking Co. v. Livings,* 608 N.E.2d 1010, 1012 (Ind.Ct.App.1993).

The designation requirement promotes judicial economy not only from the perspective of the trial court but from the perspective of attorneys and their clients as well. Specifically, the designation requirement frees the courts from having to sift through volumes of the record in order to locate an issue of material fact. Further, honing issues and acquiring proper proof are also cost and time-saving mechanisms both for attorneys and their clients. Organizing a lawsuit with an eye toward the type of proof and the measure of proof necessary in a request for summary judgment provides a framework for the entire proceedings, whether or not summary judgment is appropriate under the particular circumstances of the case.

■ Since 1991, the law on designation has continually been evolving. While the development of the law regarding designation is ongoing, some rules have been firmly established and reiterated through opinions of this Court. Specifically, pursuant to the amended rule, it has been established that summary judgment is appropriate only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. T.R. 56(C).

■ In 1992, this Court in *Babinchak v. Town of Chesterton,* 598 N.E.2d 1099, 1101 (Ind.Ct.App.1992) explained the shifting burden implicit within the rule. In *Babinchak,* this Court stated the rule requires that relying on specifically designated evidence, the moving party must make a *prima facie* show-

ing: (1) that there are no genuine issues of material fact; and (2) that the movant is entitled to judgment as a matter of law. It is only after these two requirements are met that the burden then shifts to the non-moving party who must point to specifically designated facts which establish an issue of material fact. *Id.*

■ In *Intelogic v. Merchants Nat. Bank,* 626 N.E.2d 839, 842, n. 4 (Ind.Ct.App.1993), *trans. denied,* this Court further placed practitioners on notice that designating various pleadings, discovery material, and affidavits in their entirety fails to meet the specificity requirement of T.R. 56(C). Thus, it follows that unless a document in its entirety is required as designated evidentiary matter, regardless of how concise or short the document is, in order to be properly designated, specific reference to the relevant portion of the document must be made. Finally, Ind. Trial Rule 56(H) also provides: "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically *designated* to the trial court." (Emphasis added.) T.R. 56(H); *see also Babinchak,* 598 N.E.2d at 1101.

■ Through designated evidentiary matter, specifically the rental agreement and her affidavit, Stewart made a showing that she neither retained control over the leased premises nor knew of any dangerous propensities of the dog. Thus, she made a *prima facie* showing that she was entitled to summary judgment.[2] *See Goddard by Goddard v. Weaver,* 558 N.E.2d 853, 854 (Ind.Ct.App. 1990) (landlord who retains no control over leased property and has no *actual knowledge* of dangerous propensities of dog cannot be liable to dog bite victim for injuries inflicted by tenant's dog).

Stewart's motion for summary judgment was filed in March 1995. The O'Connors filed a memorandum of law opposing the motion in April 1995. However, the O'Connors, as the party opposing the motion, did

---

2. Arguably, the entire one-page rental agreement is necessary to establish that nowhere in the agreement did Stewart retain control over the leased premises. The affidavits relied upon by her offer specific paragraph citations.

not designate to the trial court anything which specifically set forth "each material issue of fact ... preclud[ing] entry of summary judgment and the evidence relevant thereto." *See* T.R. 56(C). Within the memorandum itself, only once is there a sufficiently specific reference made to evidentiary matter which they claim creates an issue of material fact. This fact, relating to Stewart's knowledge that the dog lived on the premises, does not create an issue of material fact as to whether Stewart retained control over the premises or whether she had actual knowledge of any dangerous propensities of the dog. Inasmuch as the O'Connor's failed to meet their burden of specific designation under T.R. 56(C) in responding to Stewart's motion, the trial court's entry of summary judgment in favor of Stewart may not be reversed. *See* T.R. 56(H). There being no error, the decision of the trial court is affirmed.

Affirmed.

GARRARD and NAJAM, JJ., concur.