Paul CHAMBERLAIN and Annie Chamberlain as Co–Executors of the Estate of James C. Chamberlain (deceased), Paul Chamberlain and Annie Chamberlain, individually, Appellants–Plaintiffs,

v.

Richard Allen PARKS and Complete Auto Transit, Inc., Appellees–Defendants.

No. 48A04–9707–CV–267.

Court of Appeals of Indiana.

April 6, 1998.

Rehearing Denied June 25, 1998.

Michael K. Sutherlin, Michael K. Sutherlin & Associates, Indianapolis, for Appellants–Plaintiffs.

Evan E. Steger, Michael A. Wilkins, Ice Miller & Donadio & Ryan, Indianapolis, for Appellees–Defendants.

Philip E. Kalamaros, Edward K. Kalamaros & Associates, South Bend, Todd J. Kaiser, Sandra Boyd Williams, Locke Reynolds Boyd & Weisell, Indianapolis, for Amicus Curiae.

**OPINION**

BAKER, Judge.

Appellants-plaintiffs Paul and Annie Chamberlain, individually and as co-executors of their deceased son's estate (Chamberlains), appeal the trial court's grant of summary judgment in favor of the appellees-defendants Richard Allen Parks and Complete Auto Transit, Inc. (Complete Auto). Specifically, the Chamberlains make the fol-

lowing allegations: (1) the Wrongful Death Act violates Article 1, Section 23 of the Indiana Constitution because it treats financially dependent parents differently than financially independent parents; (2) the trial court erroneously determined that they were not dependent next of kin within the meaning of the Wrongful Death Act; (3) they have a common law cause of action for the wrongful death of their child; and (4) the trial court erroneously granted summary judgment on the claims which they raised as personal representatives of their son's estate.

*FACTS*

The facts most favorable to the Chamberlains reveal that on December 7, 1993, their son, James Chamberlain, was traveling on I–69 in Hamilton County when he observed a friend's disabled vehicle on the roadside. James brought his vehicle to a stop on the berm of the highway and began walking toward his friend's disabled vehicle. Before reaching his destination, James was struck by a car-carrier which was driven by Richard Parks in the course of his employment with Complete Auto. As a result of the accident, James sustained fatal injuries.

On November 23, 1994, the Chamberlains, individually and as co-executors of their deceased son's estate, brought an action against Parks and Complete Auto under Indiana's Wrongful Death Act. In Count I of the Complaint, the Chamberlains, as individuals and as co-executors of the estate, alleged that Complete Auto was responsible for James' wrongful death due to Parks' negligent operation of his vehicle. In Count II of the Complaint, the Chamberlains, individually, alleged that they possessed a liberty interest and a continued relationship with their son due to their dependence on him and that they were deprived of this liberty interest due to their son's wrongful death. After filing an answer wherein Complete Auto and Parks denied all material allegations, they filed a motion for summary judgment on November 20, 1996, arguing that the Chamberlains had failed to establish a viable claim for relief under Indiana's Wrongful Death Act. The Chamberlains then filed their response and designation of evidence. Follow-

ing a hearing, the trial court granted the motion for summary judgment. The Chamberlains appeal from this ruling.

## DISCUSSION AND DECISION

### I. Standard Of Review

When reviewing a motion for summary judgment, we apply the same standard as the trial court. *Henshilwood v. Hendricks County*, 653 N.E.2d 1062, 1065 (Ind.Ct.App. 1995), *trans. denied.* We resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the non-moving party. *Id.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Government, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct.App. 1997), *trans. denied.* A fact is material for the purpose of ruling on a motion for summary judgment only when its existence facilitates resolution of any of the issues involved. *Havert v. Caldwell*, 452 N.E.2d 154, 157 (Ind. 1983). Even if there is a conflict in the facts and inferences on some elements of a claim, summary judgment is appropriate when there is no dispute with regard to facts which are dispositive of the litigation. *Ford v. Madison–Grant Teachers Association*, 675 N.E.2d 734, 736 (Ind.Ct.App.1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind.1993).

### II. Constitutionality Of Wrongful Death Act

The Chamberlains initially argue that the Wrongful Death Act violates Article 1, Section 23 of the Indiana Constitution which provides that "the General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which upon the same terms, shall not equally belong to all citizens." Specifically, the Chamberlains claim that because both financially dependent parents and financially independent parents are emotionally dependent upon their children and share love and affection for their deceased child, there is no reasonable basis to treat a dependent parent differently for purposes of recovery for the loss of love, care, and affection under the Wrongful Death Act.

▪ In considering a constitutional challenge to a statute, we presume that the statute is valid, and place the burden upon the party challenging it to clearly overcome the presumption by a contrary showing. *Boehm v. Town of St. John*, 675 N.E.2d 318, 321 (Ind.1996). The party challenging the constitutionality of a statute based on a purported improper classification must negate every reasonable basis for the classification. *Collins v. Day*, 644 N.E.2d 72, 81 (Ind.1994). Consequently, all reasonable doubts must be resolved in favor of a statute's constitutionality. *State v. Rendleman*, 603 N.E.2d 1333 (Ind.1992).

▪ In *Collins*, our supreme court identified a two-part test by which to judge the constitutionality of a statute under Article 1, Section 23:

(1) The disparate treatment accorded by the statute must be reasonably related to inherent characteristics which rationally distinguish the unequally treated classes; and

(2) The preferential treatment must be uniformly applicable and equally available to all persons similarly situated.

*Id.* at 80. The issue of classification is only subject to judicial review where the lines drawn are arbitrary or manifestly unreasonable. *Id.* at 79; *see also Person v. State*, 661 N.E.2d 587, 593 (Ind.Ct.App.1996), *trans. denied.* If any reasonably supposed state of facts could stand as a basis for the classification, such state of facts is assumed to have existed when the statute was enacted. *Collins*, 644 N.E.2d at 80.

Initially we note that the emotional damages that are recoverable derive not from a parent-child relationship as the Chamberlains contend, but from a dependent-caregiv-

er relationship. Thus, the classification scheme is based upon a party's dependency on the deceased. Therefore, in order to survive constitutional scrutiny, the disparate treatment must be rationally related to a parent's dependency.

■ The purpose of the Wrongful Death Act is to compensate surviving next of kin for pecuniary losses. *Ed Wiersma Trucking Co. v. Pfaff,* 643 N.E.2d 909, 911–12 (Ind.Ct.App. 1994), *affirmed and adopted,* 678 N.E.2d 110 (Ind.1997). However, the statute was not created to compensate for loss of life. *Southlake Limousine and Coach, Inc. v. Brock,* 578 N.E.2d 677, 679 (Ind.Ct.App. 1991), *trans. denied.* Such a distinction relates to the purpose of the Wrongful Death Act, because it is only the financially dependent who suffer a pecuniary loss upon the decedent's death. Although we have permitted dependent next of kin to recover for loss of love, care and affection, we observed that absent the dependency requirement, the Wrongful Death Act would be subject to abuse. *See Ed Wiersma Trucking Co.,* 643 N.E.2d at 912–13. Permitting nondependents to recover under the Wrongful Death Act would allow a host of unknown potential claimants to seek recovery. There is nothing in the Wrongful Death Act permitting recovery for emotional damages by nondependents. Rather, it is the intent and purpose of the legislature to permit recovery only to those who were financially dependent on the decedent.[1] Thus, limiting damages to those who are dependent on the deceased is rational, and the Wrongful Death Act satisfies the first prong of *Collins.*

The Wrongful Death Act also satisfies the second prong of the *Collins* test which requires any privileged classification to be open to any and all persons who share the inherent characteristics which distinguish and justify the classification. *Collins,* 644 N.E.2d at 79. The Wrongful Death Act permits all "dependent next of kin" to avail themselves of the privilege of recovering emotional damages. As a result, both prongs of the *Collins* test are satisfied. We therefore conclude that the Wrongful Death Act does not violate the Indiana Privileges and Immunities Clause under Article I, Section 23 of the Indiana Constitution.

### III. Dependency Under Wrongful Death Act

The Chamberlains next argue that the trial court erred by granting Complete Auto's motion for summary judgment because a genuine issue of material fact exists as to whether the Chamberlains are dependent next of kin under the Wrongful Death Act. The Wrongful Death Act provides for damages to the estate of the decedent including "reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission." The statute further provides:

> That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall ... inure to the exclusive benefit of the widow or widower ... and to the dependent children, if any, or *dependent next of kin.*

IND.CODE § 34–1–1–2 (emphasis added).

■ Where dependent next of kin are the beneficial claimants, they must show "a need or necessity for support ... coupled with an actual contribution of such support by the deceased." *Koger v. Reid,* 417 N.E.2d 1142, 1144 (Ind.Ct.App.1981), citing *New York Cent. R.R. Co. v. Johnson, Admx.,* 234 Ind. 457, 127 N.E.2d 603 (1955); *see also Estate of Miller v. City Of Hammond,* 691 N.E.2d 1310, 1312 (Ind.Ct.App.1998). Although the Chamberlains concede that they were not dependent on James for financial support, they nevertheless argue that they are entitled to damages because they depended on James for the personal services he provided to them. For instance, in an affidavit submitted to the trial court, Annie Chamberlain described her dependence upon James as follows:

---

1. This court will not expand the scope of the Wrongful Death Act by eroding the dependency requirement, as it is the legislature's responsibility to change that requirement. *See Indiana Dep't Of Revenue v. Callaway's Estate,* 232 Ind. 1, 110 N.E.2d 903 (1953).

I often depended on Jimmy for day to day tasks that most people can take for granted, such as getting in and out of chairs, picking up items, carrying groceries and laundry, mop[p]ing, sweeping, and driving me to doctor appointments ...

From time to time, I would have a hard time standing up and it would take a while for my back to straighten so that I could walk and support myself, Jimmy was always there to stand with me and help me with my back.

Jimmy always helped his dad with the maintenance of our home, for instance painting, cutting the grass and removing the snow and as we grew older we depended on his help even more.

R. at 86–87.

In answers to Parks' interrogatories, the Chamberlains further described their dependence upon James as follows:

Jimmy would help around the house. He would run the sweeper, wash dishes, clean his bed room, mop floors, take the groceries out of the car and into the house, wash our car, iron his clothes, take the laundry upstairs from the basement, wash windows and he cooked when he wanted to.

Jimmy painted the bathroom, helped his dad with the yard work, cut grass, raked up grass and trash, worked on the vehicles with his father and ran errands for us (to the store or wherever it was needed).

R. at 28–29.

■ As the Chamberlains contend, the performance of services for the beneficial claimants may be sufficient to show that a decedent was contributing to their support. *Lustick v. Hall,* 403 N.E.2d 1128, 1131 (Ind. Ct.App.1980). However, in *Lustick,* we observed that:

The deceased was contributing to the support of her children in a tangible and material way ... She was living with the children and providing care, attention and *all* domestic services on the day of her

death.... [T]he deceased was *fully* responsible for the care of the children.

*Id.* at 1132 (emphasis added).

■ Here, the designated evidence shows that James occasionally performed services for his parents. However, he did not contribute to his parents' support in a tangible and material way so as to satisfy the contribution prong in the test for dependency. Rather, his actions amounted to no more than gifts, donations and acts of generosity expected of a son to whom free housing, most of his board, gasoline money and automobile insurance was provided. Therefore, we cannot say that a reasonable juror could conclude that the Chamberlains were dependent next of kin as defined in the Wrongful Death Act.

*IV.   Common Law Wrongful Death*

The Chamberlains next argue that even if they are precluded from bringing an action under the Wrongful Death Act, they are permitted to maintain a common law cause of action for James' death. Specifically, they contend that they are not limited to an action under the Wrongful Death Act because Art. 1, Section 12 of the Indiana Constitution[2] guarantees open access to the courts. Appellant's Brief at 14.

■ This court has previously determined that wrongful death actions are purely statutory. *Ed Wiersma Trucking Co.,* 643 N.E.2d at 911. At common law, there was no tort liability for killing a person because actions for personal injury did not survive the death of the injured party. *Id.* Thus, only damages prescribed by the statute may be recovered. Because the Chamberlains are not dependent next of kin as prescribed under the Wrongful Death Act, they do not have a cause of action under the common law for James' wrongful death. There is no violation of Article I, Section 12 of the Indiana Constitution.

**2.** Article 1, Section 12 provides in relevant part as follows: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law."

## V. Dismissal Of Claims

Finally, the Chamberlains argue that the trial court erred in granting summary judgment in favor of Complete Auto on all claims set forth in the complaint, including their claim brought as personal representatives of James' estate. Specifically, they contend that because Complete Auto did not designate any evidence challenging the wrongful death action brought by the estate, it failed to show that it was entitled to summary judgment.

The Wrongful Death Act allows the personal representatives of a decedent's estate to make a claim for medical, hospital, funeral, burial expenses and lost earnings of the decedent. IND.CODE § 34–1–1–2. This action is separate from a claim made by a dependent next of kin, and the portion of the damages inure to the exclusive benefit of the decedent's estate. *Id.*

■ In the instant case, Complete Auto's motion for summary judgment asked the court to enter judgment "against Plaintiffs in their capacity as personal representatives on Count I of Plaintiffs' Complaint." R. at 9. However, Complete Auto did not designate any evidence to negate the Chamberlains' claim that James was killed as a result of its employee's negligent conduct. As a result, Complete Auto did not meet its burden of demonstrating that it was entitled to summary judgment on the Chamberlains' claim as personal representatives of James' estate. Therefore, the trial court erred by granting Complete Auto summary judgment on this claim.

## CONCLUSION

In light of our resolution of the issues set forth above, we conclude that the Wrongful Death Act does not violate Article 1, Section 23 of the Indiana Constitution and the Chamberlains are not entitled to maintain a common law action for James' death. We further note that the trial court properly entered summary judgment in Complete Auto's favor with respect to the claims brought by the Chamberlains as dependent next of kin, but erred in granting summary judgment as to the claims for wrongful death brought as personal representatives of James' estate. Thus, we remand this cause to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

NAJAM, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting.

I respectfully dissent to Issue III because I believe that a jury question exists as to whether the Chamberlains are "dependent next of kin" as that phrase is contemplated under Indiana's wrongful death statute, Ind. Code 34–1–1–2.

Where dependent next of kin are the beneficial claimants under Ind.Code 34–1–1–2, the personal representative must show "a need or necessity for support on the part of those persons alleged to be dependent, coupled with an actual contribution of such support by the deceased." *Koger v. Reid,* 417 N.E.2d 1142, 1144 (Ind.Ct.App.1981) (citing *New York Cent. R.R. Co. v. Johnson, Admx.,* 234 Ind. 457, 127 N.E.2d 603 (1955)). In applying this test for dependency, this court stated as follows:

> Dependency is based on a condition and not a promise, and such dependency must be actual, amounting to a necessitous want on the part of the beneficiary and a recognition of that necessity on the part of decedent, an actual dependence coupled with a reasonable expectation of support or with some reasonable claim to support from decedent. The mere fact that deceased occasionally contributed to the support of the beneficiary in an irregular way, is not sufficient to support the action, but it is not necessary that the beneficiary be wholly dependent.

*Kirkpatrick et al. v. Bowyer,* 131 Ind.App. 86, 94, 169 N.E.2d 409, 412 (1960).

The Chamberlains contend that although the decedent made no financial contributions to the household, James's services were of pecuniary value to them and therefore compensable. James Chamberlain was 25 years old and resided with his parents at the time

of his death. While it is undisputed that James neither made direct financial contributions to his parents nor that the Chamberlains needed his financial assistance, the evidence reveals that they were dependent on James in other ways. As the majority opinion notes, the Chamberlains relied upon James for many domestic services and aid in their retirement.

The performance of services for the beneficial claimants may be sufficient to show that a decedent was contributing to their support. *Lustick v. Hall,* 403 N.E.2d 1128 (Ind.Ct. App.1980). In *Lustick,* this court held that a jury question existed on the issue of dependency where, on the day of her death, the decedent mother was providing care and domestic services on behalf of her two minor children. Specifically, the court held that "the deceased was contributing to the support of her children in a tangible and material way which forms the basis of the pecuniary loss to her children." *Id.* at 1132. The court also discussed the degree of dependency required and stated that "[a] partial, rather than a total dependency, is sufficient to support recovery under the statute." *Id.* at 1131. Employing this test, the court found that a jury could have found that a degree of partial dependency existed on behalf of the minor children. *Id.* at 1132.

Similarly here, I believe that a jury question exists as to whether the routine services that James provided to his parents are sufficient to make the Chamberlains "dependent next of kin" within the meaning of Ind.Code 34–1–1–2. I would further note that if the Chamberlains were successful in establishing their dependent next of kin status, they would also be entitled to recover pecuniary damages for the loss of James's acts of love, care and affection. *See Ed. Wiersma Trucking Co. v. Pfaff,* 643 N.E.2d 909 (Ind.Ct.App. 1994) *opinion adopted at* 678 N.E.2d 110 (Ind.1997). Because I believe that a factual issue exists, I would remand.

For the foregoing reasons, I respectfully dissent from the majority opinion with regard to Issue III and would remand to the trial court for further action as to the claims brought by the Chamberlains as dependent next of kin. Because I would remand for further litigation, it is unnecessary to address Issues II and IV.