Christopher PLUARD, a Minor by next friend Dennis PLUARD and Shirley Pluard, Appellants–Defendants,

v.

PATIENTS COMPENSATION FUND, and Munster Medical Research Foundation, Inc., d/b/a Community Hospital, Appellees–Plaintiffs.

No. 45A03–9803–CV–00120.

Court of Appeals of Indiana.

Feb. 16, 1999.

Kenneth J. Allen, James E. Brammer, Kenneth J. Allen & Associates, P.C., Valparaiso, Indiana, Attorneys for Appellants.

Matthew W. Conner, Tabbert Hahn Earnest, Weddle & Starkey, P.C., Indianapolis, Indiana, Attorney for Appellees.

## OPINION

HOFFMAN, Senior Judge

Appellant-plaintiff Christopher Pluard, a Minor, by next friends and guardians Dennis Pluard and Shirley Pluard ("Pluard") appeals

from the trial court's grant of summary judgment in favor of appellee-defendant Patient's Compensation Fund ("the Fund"). We affirm. The facts most favorable to the non-movant are set forth below.

On August 27, 1991, Pluard, who had been born at Community Hospital in Munster ("Community") the previous day, was about to undergo a circumcision when a surgical lamp being positioned over him by a nurses' assistant became detached from the wall and fell on him, striking his face and head. He suffered an epidural hematoma and scarring. Pluard and Community reached a settlement for the hospital's liability. Subsequent to this settlement, Pluard petitioned in the Lake Circuit Court for payment of excess damages from the Fund.

In its motion for summary judgment, the Fund argued that Pluard did not have standing to seek damages from the Fund because the tort underlying Pluard's injuries did not sound in medical malpractice, but rather in premises liability. Relying principally upon the affidavit of the nurses' assistant who was positioning the lamp over Pluard when it fell, Pluard argued that a genuine issue of material fact existed as to whether Pluard's injuries were caused by premises liability or medical malpractice, such that summary judgment was precluded.

We regroup and restate the issues raised by Pluard on appeal as follows:

1) In its motion for summary judgment, did the Fund adequately designate the evidence submitted therewith, as required by Ind. Trial Rule 56(C)?

2) Did the trial court err in finding that no genuine issue of material fact existed and in granting summary judgment in favor of the Fund?

3) Did the trial court err in ruling that the law of premises liability, rather than the Medical Malpractice Act [1] ("the Act"), should apply in this case?

■ First, Pluard contends that the Fund designated with insufficient specificity the exhibits it attached to its motion for summary

judgment. Although Ind. Trial Rule 56(C) requires a party seeking summary judgment to "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relied for purposes of the motion," the Fund attached groups of documents as exhibits to its Designation of Evidence, and labeled each group with an exhibit sticker. The Fund concedes that "[a]s a general rule, designating exhibits in their entirety fails to satisfy the specificity required by Ind. Trial Rule 56(C)." *Abbott v. Bates*, 670 N.E.2d 916, 922 (Ind.Ct.App. 1996), *reh'g denied.* The purpose of the specificity requirement in Trial Rule 56(C) is to decrease the amount of evidentiary material the trial court is required to examine when ruling on a motion for summary judgment. *O'Connor by O'Connor v. Stewart*, 668 N.E.2d 720, 722 (Ind.Ct.App.1996). The requirement is designed to "free the court from having to sift through volumes of the record in order to locate an issue of material fact." *Id.*

However, as long as the trial court is advised of the specific material upon which the parties rely, then the material may be considered. *Jobes v. Tokheim Corp.*, 657 N.E.2d 145, 147 (Ind.Ct.App.1995). In *Tokheim*, this court found the purpose underlying the Rule to have been satisfied because the movant's memorandum "quoted relevant language" from the exhibits "verbatim," and "refer[red] to the substantive assertions relied upon." 657 N.E.2d at 148. "Moreover, the issue before the trial court was a pure issue of law, and the exhibits to which Tokheim failed to make specific references were not dispositive thereto." *Id.* The Fund's brief to the trial court similarly sufficiently described for the court the issue before it. The Fund referred—albeit generally—to "exhibit A," which was only seven pages of hospital records. The court was not required to "sift through volumes of records" because of the general reference. The remainder of the Fund's memorandum involved an explication and argument to the court as to the relevant statutory and case law—the "substantive as-

---

1. Ind.Code 34–18–1 *et seq.;* the Act governs malpractice claims and sets forth the definitions and parameters under which payment may be made from the Fund.

sertions" relied upon by the Fund. Failure to make specific references to the exhibits was not, in this instance, dispositive to the issue of law before the trial court, namely, whether the lamp falling from the wall onto Pluard was negligence due to premises liability or negligence due to medical malpractice. We hold that the Fund's designation of evidence was sufficient under Ind. Trial Rule 56(C).

The second and third issues we group together as follows: first, we must decide whether a genuine issue of material fact precluded the grant of summary judgment, and second, whether the trial court erred in ruling that the Fund was entitled to judgment as a matter of law.

When reviewing a motion for summary judgment, this court applies the same standard as the trial court. *Chamberlain v. Parks*, 692 N.E.2d 1380, 1382 (Ind.Ct.App. 1998), *reh'g denied.* Summary judgment is appropriate only when the designated evidentiary matter shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* However, the trial court's grant of summary judgment is clothed with a presumption of validity, and the appellant bears the burden of demonstrating that the trial court erred. *Ozinga Transp. Systems, Inc. v. Michigan Ash Sales, Inc.*, 676 N.E.2d 379, 383 (Ind.Ct.App.1997). In the case at bar, the Fund can only be entitled to summary judgment if we find that no genuine issue of material fact exists and if, as a matter of law, we find Pluard's claim is not one of medical malpractice, but rather sounds in premises liability.

■■■■ This court has held that the Medical Malpractice Act was not intended to extend to cases of ordinary negligence or premises liability. *Winona Memorial Foundation of Indianapolis v. Lomax*, 465 N.E.2d 731, 742 (Ind.Ct.App.1984), *reh'g denied; Methodist Hospital of Indiana, Inc. v. Ray,*

551 N.E.2d 463, 469 (Ind.Ct.App.1990), *trans. granted and appellate court opinion adopted by the Indiana Supreme Court,* 558 N.E.2d 829 (Ind.1990). The fact that conduct occurs in a health care facility cannot, by itself, transmute the conduct into the rendition of health care or professional services. *Doe by Roe v. Madison Center Hospital,* 652 N.E.2d 101, 104 (Ind.Ct.App.1995), *trans. dismissed. Lomax* involved a patient-plaintiff who tripped and fell on the premises of the hospital. Unlike the plaintiff at bar, however, Lomax argued that Winona's negligent failure to maintain its floor in a reasonably safe condition did *not* give rise to a claim under the Medical Malpractice Act.[2] Lomax even argued that to hold that every claim by a patient against a qualified health care provider comes within the Act would lead to absurd results, such as allowing the claim of a patient who was injured when a light fixture fell on him in his hospital bed. The court agreed, reasoning that "[s]uch matters as the maintenance of safe premises are within the common knowledge and experience of the average person. Health care providers, who must make up the medical review panel ... are no more qualified as experts on such matters than the average juror." 465 N.E.2d at 740.

Pluard argues that the important distinction between his case and *Lomax* is that, unlike Lomax, who tripped and fell while unattended by medical personnel, Pluard was being attended by a nurses' assistant under the control and supervision of a physician, and was being prepared for a medical procedure (the circumcision). He relies upon the affidavit of the nurses' assistant, which states:

At the time that I was performing [the focusing of the surgical light over Pluard], I was responding to direction by the surgeon in charge of performing the circumcision to prepare the patient for a circumci-

---

**2.** In *Lomax,* the issues were framed this way because Winona had moved to dismiss the plaintiff's complaint on the grounds that she had failed to comply with the Act by failing to present a proposed complaint to the Insurance Commission for review by a medical review panel before commencing her action in court, as required by Ind.Code § 34–18–8–4 (Ind.Code § 16–9.5–9–2

at the time). In the case at bar, the parties' arguments are antithetical to those in *Lomax,* as now the Fund wishes to keep the matter *out* of the purview of the Act, whereas Pluard argues the Act should govern. His compliance with the requirement of filing a proposed complaint has not been at issue at any time in the litigation.

sion and prepare the surgical area so that the surgeon could perform the circumcision.

(R. 69). Pluard's contention is that because the act of focusing the light was undertaken in order to ready him for the medical procedure, it was part and parcel of a continuous event that can be characterized as Pluard's medical care and treatment.

■ We find that the affidavit does not establish a genuine issue of material fact. It describes generally the events surrounding the injury to Pluard, but it does not raise conflicting inferences as to the proximate cause of Pluard's injury. The nurses' assistant's manipulation of the light, while very close in time to the light's falling on Pluard, has not been alleged to have caused his injury. Pluard was injured because the light fell on him; the light fell on him because it was not properly attached to the wall. Put another way, the duty to secure the light, and even the nurses' assistant's duty to position it, did not involve a health care decision involving the exercise of professional skill or judgment. Instead, it involved the general duty to maintain safe premises and equipment. As such, it involves issues capable of resolution without application of the standard of care prevalent in the local medical community, and thus, is outside the purview of the Act, which requires convening a panel of medical experts for the purpose of judging a completely different kind of question. Even when we view the evidence in the light most favorable to Pluard, and accept the proposition that the light fixture's fall was sufficiently proximate in time as to make it part of the ongoing care of Pluard, the nurses' assistant being under the direction of the surgeon, it still was not an event that required the exercise of professional skill and judgment.

At this point, we must note that in the course of his appeal, Pluard attempted to assert that the Fund is collaterally estopped from asserting its entitlement to judgment as a matter of law. The theory underlying this assertion is that because Community and Pluard reached a settlement in which they stipulated that the nature of Pluard's claim was medical malpractice, the Fund should not be permitted to "relitigate" that issue.

We are not compelled to reach the merits of that argument, because Pluard did not properly raise it on appeal. Ind. Appellate Rule 8.3(A)(3) states that, "[t]he brief of appellant shall contain ... [a] statement of the issues presented for review." App.R. 8.3(A)(7) further requires that:

> Each error that appellant intends to raise on appeal shall be set forth specifically and followed by the argument applicable thereto. If substantially the same question is raised by two [2] or more errors alleged, they may be grouped and supported by one [1] argument. The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review.

Pluard did not comply with App.R. 8.3(A)(3), as he did not set forth and enumerate the collateral estoppel argument as one of the issues presented for review. Rather, two pages into his argument in support of Issue 3 (whether or not the Act applies as a matter of law), Pluard inserted a footnote saying he "incorporates all of the estoppel and *res judicata* arguments made to the trial court and the authorities in support thereof," and directing the court to the three or four pages in the record where that argument was originally made.

■ The appellate brief should be prepared so that each judge, considering the brief alone and independent of the transcript, can intelligently consider each question presented. *Town of Merrillville v. Merrillville Conservancy*, 649 N.E.2d 645, 648 (Ind.Ct. App.1995), *reh'g denied*, citing *Coney v. Farmers State Bank*, 146 Ind.App. 483, 256 N.E.2d 692, 696 (Ind.Ct.App.1970), *trans. denied*. The brief must be prepared so that all questions can be determined by the court from an examination of the brief without having to examine the record, because there is only one transcript to be shared among all the judges. 649 N.E.2d at 648. On appeal to this court, an attempt to incorporate an entire argument raised and argued in the

trial court by reference in a footnote does not comply with either the letter or the spirit of App.R. 8.3(A)(3). Also, it cannot be characterized as fulfilling the language or spirit of App. R. 8.3(A)(7), because Pluard has not grouped together "two or more errors" raising "substantially the same question" and supported them with one argument; rather, he has grouped two substantially different arguments together under the rubric of a single error alleged—namely, that the Fund was not entitled to judgment as a matter of law.

Judgment affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting

The majority holds that, as a matter of law, the claim is not a medical malpractice claim. In doing so, the court states, also as a matter of law, that the light fell on Pluard "because it was not properly attached to the wall." Op. at 1038.

We do know that the overhead light fell and that Pluard was injured. We do not know that it fell because it was not properly attached. The injury occurred when the lamp became disconnected as a result of the nurse's positioning of the lamp as an integral part of the medical treatment.

It may be that the facts will disclose that the lamp was negligently installed or maintained but it also may be that the conduct of the nurse in positioning the light was negligent in some manner and was *a* cause if not *the* cause.

Even in the *Lomax* case, relied upon by the majority, the court recognized:

"that the question of whether a particular claim falls within the Act is extremely fact sensitive and that a broad band of gray lies in the middle of the spectrum from pure medical malpractice to ordinary non-medical negligence." 465 N.E.2d at 740.

In *Ogle v. St. John's Hickey Memorial Hospital* (1985) Ind.App., 473 N.E.2d 1055, *trans. denied,* a patient in a psychiatric unit was raped by another patient. This court held that plaintiff's allegation that the hospi-

tal negligently failed to provide security and protection brought the claim within the purview of the Medical Malpractice Act. Although the facts of *Ogle* may fall at the very margin of what constitutes health care, the case demonstrates that we have previously included within the scope of the Act, conduct which is not clearly "medical negligence." *See Harts v. Caylor–Nickel Hospital Inc.* (1990) Ind.App., 553 N.E.2d 874, 880–81 (Sullivan J., dissenting), *trans. denied.*

The fact that it was a surgical lamp which was the immediate and physical agency causing the injury does not automatically render the matter a common law case of premises liability. The answer to that question depends upon whether or not the nurse was negligent in the manner in which she positioned the lamp and whether that negligence, if any, was a proximate cause of the injury.

In any event, the issue appears to me to be particularly fact sensitive and was inappropriately resolved by summary judgment.

I would reverse and remand for further proceedings.