Jack D. JONES, Appellant–Plaintiff,

v.

Steven KINGSBURY, Appellee–Defendant.

No. 49A02–0203–CV–217.

Court of Appeals of Indiana.

Dec. 12, 2002.

---

Aaron E. Haith, Indianapolis, IN, Attorney for Appellant.

Steven E. Springer, Pfenne P. Cantrell, Eric D. Johnson, Kightlinger & Gray, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

### STATEMENT OF THE CASE

Jack D. Jones appeals from the entry of summary judgment in favor of Steven Kingsbury.[1]

### ISSUE

Whether the trial court erred by granting Kingsbury's motion for summary judgment.

### FACTS

In February 1997, Jones was employed by Indianapolis Power and Light (IPL) as a meter reader. At that time, Kingsbury owned property located at 3915 West Oliver Street, Indianapolis, Indiana and serviced by IPL. The property had been vacant for a period of time; however, commencing February 1, 1997, Charles Becraft, Jr. and Tammy Nickels Hawkins (collectively, the tenants) entered into an agreement with Kingsbury to lease the premises.

On February 24, 1997, when Jones entered onto the property to read the meter, Jones was bitten and injured by a pit bull dog owned by one or more of the tenants. Jones brought a lawsuit against Kingsbury and the tenants. Kingsbury moved for summary judgment alleging that he did not retain control of the property and that he did not know of the vicious propensities of the dog.

At the hearing on summary judgment, Jones conceded that the evidence did not support a finding that Kingsbury knew of the vicious propensities of the dog. However, Jones argued that 1) Kingsbury retained control of the property by virtue of the right to enter and inspect contained in the lease agreement; and 2) as the landowner, Kingsbury owed Jones, a business invitee, a duty to warn of the dangers or at least a duty to warn Jones that the condition of the property had changed because it was no longer vacant. The trial court entered summary judgment for Kingsbury.

### DISCUSSION

Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Warner Trucking, Inc. v. Carolina Casualty Ins. Co.*, 686 N.E.2d 102, 104 (Ind.1997) (citing Ind. Trial Rule 56(C)). In reviewing the trial court's entry on a summary judgment motion, we apply the same standard used in the trial court, *i.e.*, whether

---

1. Other parties to the underlying action remain. The trial court determined that its summary judgment decision as to Kingsbury only constituted a final order. Also, summary judgment had previously been granted for Kingsbury's ex-wife, Gail Kingsbury, which resulted in a decision by this court. *See Jones v. Kingsbury*, No. 49A02–0004–CV–273, 741 N.E.2d 807 (January 18, 2001).

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Shell Oil Co. v. Lovold Co.,* 705 N.E.2d 981, 983–84 (Ind. 1998). Where the facts material to the proceedings are not in dispute, this court determines whether the trial court correctly applied the law to the facts. *Grant County Comm'rs v. Cotton,* 677 N.E.2d 1103, 1104 (Ind.Ct.App.1997), *trans. denied.* The material facts are not in dispute here.

In *Baker v. Weather ex rel. Weather,* 714 N.E.2d 740, 741 (Ind.Ct.App.1999), the tenants owned a dog that escaped from the leased premises and bit a neighbor. This court reiterated that in order to prevail on a claim against the landowners, who did not own the dog, the plaintiffs were required to demonstrate both that the landowners "retained control over the property" and "had actual knowledge that the [dog] had dangerous propensities." *Id.;* see also *O'Connor by O'Connor v. Stewart,* 668 N.E.2d 720, 722 (Ind.Ct.App.1996); *Goddard by Goddard v. Weaver,* 558 N.E.2d 853, 854 (Ind.Ct.App.1990). The court in *Baker* addressed only the second component, the dangerous propensities of the dog, inasmuch as the absence of either component would result in a finding for the landowners. *Baker,* 714 N.E.2d at 741. As noted above, Jones conceded at the summary judgment hearing that no evidence supported an inference that Kingsbury knew of the dangerous propensities of the tenants' dog. Under the *Baker* analysis, Kingsbury would be entitled to summary judgment.

However, Jones argues that *Baker* and similar landowner/tenant dog-bite cases are inapposite here because he was not a mere guest or neighbor; instead, he was a business invitee of the landowner in order for the landowner to obtain the utility service necessary to lease the property.

Thus, according to Jones, under the law of premises liability Kingsbury owed him a duty to warn of the potential danger or warn him of the altered condition of the property after it was leased. Jones urges that had he known of the existence of the dog, he could have used a telescope to read the meter.

Jones relies, *inter alia,* upon *Ross v. Lowe,* 619 N.E.2d 911 (Ind.1993). In *Ross,* the court considered the duty of a landowner to an invitee, a meter reader, when the landowner's dog escaped from the house and attacked the meter reader while the landowner's minor child was entrusted with the dog's care. In large part, the court analyzed the landowner's duty as the owner or keeper of the dog, focusing upon the landowner's knowledge of the dangerous propensities of the dog as the major component in discharging the duty of "reasonable care under the circumstances." *Id.* at 914. Then the court noted:

> A duty also arises by virtue of Lowe's ownership and *possession* of the premises. Meter readers are considered invitees. A landowner owes an invitee a duty to exercise reasonable care for his protection while he is on the landowner's premises. The duty extends not only to harm caused by a condition of the land, but also to activities being conducted on the land, such as maintaining a domestic animal.
>
> Against this legal backdrop, we find evidence from which the jury could have concluded that Lowe had not exercised reasonable care in controlling Travis [the dog].

*Id.* at 914–15 (emphasis added). In reversing the grant of summary judgment for Lowe, the court continued the analysis by pointing to evidence that could persuade a jury that Lowe was negligent by leaving his dog in the care of his minor child after he acknowledged that he was

"concerned that his children might not be able to control Travis." *Id.* at 915. *Ross* teaches that a landowner in possession of the land owes an invitee the duty of reasonable care. The court decided that a jury could determine that Lowe did not discharge that duty because he knew of the dangerous propensities of the dog and left the dog in the care of his child after he expressed concern that the child could not control the dog.

Thus, *Ross* did not develop a separate and distinct analysis for an invitee. The court relied upon the landowner's possession and control of the property and the known dangerous propensities of the dog. *Cf. Plesha v. Edmonds ex rel. Edmonds,* 717 N.E.2d 981, 987 (Ind.Ct.App.1999) (generally, landowner or occupier owes different duties to trespassers and invitees; however, in dog-bite cases, negligence standard has been employed without regard to status of the victim).

Because the landowner was the dog owner, the facts of *Ross* are distinguishable from those in the present case. However, to the extent that *Ross* is applicable to the present circumstances, the duty of reasonable care imposed upon a landowner is measured by the landowner's control or possession of the property *and* the landowner's knowledge of the dangerous propensities of the dog. Here, the result is the same under the *Baker* and the *Ross* analysis—there is no dispute as to the dispositive material fact that no evidence exists of Kingsbury's knowledge that the tenants' dog had dangerous or vicious propensities. Accordingly, Kingsbury, as the owner (but not possessor) of the property, did not violate the duty of reasonable care owed to Jones by failing to warn of the existence of the dog or failing to advise IPL or Jones that the property was leased.

The summary judgment in favor of Kingsbury is affirmed.

BROOK, C.J., and KIRSCH, J., concur.