# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 17 2016, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Stephen W. Thompson
Darron S. Stewart
Stewart & Stewart Attorneys
Carmel, Indiana

ATTORNEY FOR APPELLEE

Cynthia A. Muse
State Farm Litigation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ocie Williams and Michael Williams, *Appellants-Plaintiffs,* <br><br> v. <br><br> Queen Nails of Avon, LLC, *Appellee-Defendant.* | May 17, 2016 <br><br> Court of Appeals Case No. 32A05-1506-CT-552 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Stephenie LeMay-Luken, Judge <br><br> Trial Court Cause No. 32D05-1402-CT-17 |

**May, Judge.**

[1]      Ocie and Michael Williams appeal a summary judgment for Queen Nails of Avon and the denial of the Williamses' motion for relief from judgment. We affirm.

# Facts and Procedural History

[2] In March 2012, Ocie Williams went to Queen Nails for a manicure. She was familiar with the salon and had been there about ten times before. At some point she went across the room to wash her hands. On her way back to the manicure station, she tripped over a raised platform for a pedicure station. There were no warning signs to indicate the platform was raised.

[3] The Williamses sued Queen Nails, and in December 2014 Queen Nails moved for summary judgment. The Williamses' counsel sought, and was granted, two extensions of time to respond to that motion because he wanted to depose the owner of Queen Nails. In April 2015, counsel left the law firm without taking the deposition or informing other members of the firm of the deadline for responding to the summary judgment motion.

[4] The deadline passed without any response from the Williamses as to Queen Nails' summary judgment motion, and the trial court granted summary judgment for Queen Nails in May 2015. In November 2015, the Williamses moved for relief from judgment, and the trial court denied their motion. It found excusable neglect based on the actions of the Williamses' counsel, but found the Williamses "have no meritorious claim, [sic] they could have presented in defense of the Summary Judgment Motion." (App. at 10.)

# Discussion and Decision

## *Relief from Judgment*

[5] We review the denial of a motion for relief from judgment under Indiana Trial Rule 60(B) only for an abuse of discretion because such a motion is addressed to the equitable discretion of the trial court. *Goldsmith v. Jones*, 761 N.E.2d 471, 473 (Ind. Ct. App. 2002), *reh'g denied*. An abuse of discretion will be found only when the trial court's judgment is clearly erroneous. *Id*. A trial court's action is clearly erroneous when it is against the logic and effect of the facts before it and the inferences that may be drawn therefrom. *Id*. In ruling on a Rule 60(B) motion, the trial court is required to balance the alleged injustice suffered by the party moving for relief against the interest in the finality of litigation. *Id*. at 474.

[6] Rule 60(B) affords relief in extraordinary circumstances that are not the result of any fault or negligence on the part of the movant. *Id*. The burden is on the movant to establish grounds for relief. *Id*. A party seeking to set aside a default judgment must establish not only grounds for relief under Rule 60(B), but also a meritorious defense to the judgment. *Bennett v. Andry*, 647 N.E.2d 28, 34 (Ind. Ct. App. 1995).

[7] A meritorious defense is one showing that if the case were retried on the merits, there would be a different result. *Id*. at 35. A party seeking to set aside a judgment must make a *prima facie* showing of a good and meritorious defense. *Id*. It is not enough to merely allege that, but for excusable neglect, the action would have been defended. *Id*.

In showing a meritorious defense, "the catalyst needed to obtain the proper relief is *some admissible evidence* which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery." *Id.* (emphasis in original). Such admissible evidence must be presented to the trial court that would indicate the judgment would not remain unchanged and "an injustice would be foisted upon the defaulted party" if the judgment were allowed to stand. *Id.*

We acknowledge that panels of this court have not always required "admissible" evidence. In *Shane v. Home Depot USA, Inc.*, 869 N.E.2d 1232, 1238 (Ind. Ct. App. 2007), we reasoned that it was "well within the trial court's discretion to determine whether the amount and/or the nature of evidence presented in support of a motion to set aside judgment indeed satisfies the meritorious [claim] requirement of a *prima facie* showing." *Id.* We noted the preliminary nature of a *prima facie* showing and that acquisition and preparation of admissible evidence during such initial stages of a case is especially difficult. *Id.* "It is up to the trial court to determine on a case-by-case basis whether a movant has succeeded in making a *prima facie* allegation." *Id.*

The Williamses did not satisfy either standard. In *Shane*, counsel provided an affidavit stating there appeared to be defenses to both liability and damages. The affidavit was accompanied by photographs of the area where Shane was injured, an EMS report, and a nurse's note. That, we held, was enough:

> [Counsel's] affidavit is based upon her review of photographs of the accident scene and Mr. Shane's medical records, which were

the only documents available to her in the short time between her receipt of the case and the hearing. The Shanes do not suggest that these items, once authenticated, might be inadmissible at trial. In fact, the Shanes themselves produced the records and photographs to Gershman-Brown. With or without the admission of the documents referred to in the affidavit, the trial court acted well within its discretion in setting aside the default judgment against Gershman-Brown.

*Id*.

[11] In the case before us, by contrast, the trial court determined the Williamses had no meritorious claim because their "entire argument regarding the meritorious claim[1] is speculation based on a deposition that never occurred." (App. at 11.) That was not clearly erroneous.

[12] The Williamses' new counsel submitted an affidavit that indicated what Queen Nails' defense might be, but unlike the affidavit in *Shane*, it was accompanied by no evidence, admissible or otherwise. In *Munster Cmty. Hosp. v. Bernacke*, 874 N.E.2d 611, 614 (Ind. Ct. App. 2007), Bernacke did nothing more than make a bald assertion that he "has a meritorious claim." That, without more, was insufficient to warrant reversal under Rule 60(B). *Id*. The same is true in this

---

[1] In their motion, the Williamses alleged only that their neglect was excusable - they did not address, or even mention, the meritorious claim requirement. In a memorandum that accompanied the motion, the Williamses assert a meritorious defense, but support that assertion with only an allegation counsel "was diligently working . . . to arrange the deposition" of the shop owner in order to "substantiate this meritorious claim." (App. at 69.)

case. The trial court did not abuse its discretion in denying relief from judgment.

### *Summary Judgment*

[13] On review of a motion for summary judgment, our standard is the same as that of the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *City of Beech Grove v. Beloat*, No. 49S02-1604-CT-165, 2016 WL 1329559, at *2 (Ind. 2016). The facts and reasonable inferences are construed in favor of the non-moving party. *Id*. The court may rely only on the evidence the parties designated, *id.*, and on appeal we consider only those matters that were designated at the summary judgment stage of the proceedings. *U.S. Auto Club, Inc. v. Smith*, 717 N.E.2d 919, 922 (Ind. Ct. App. 1999), *trans. denied*. Summary judgment is not appropriate just because the non-movant appears unlikely to prevail at trial. *Beloat*, No. 49S02-1604-CT-165, 2016 WL 1329559, at *2. Instead, we err on the side of letting marginal cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims. *Id*.

[14] The grant of Queen Nails' summary judgment motion was not error, as the Williamses did not show there was a genuine issue of fact for trial. In their brief, the Williamses direct us to a page in Ocie Williams' deposition that they characterize as testimony that "warning signs, such as 'height' and 'step,' or 'caution' should have been posted either on the wall next to the area or on the edge of the platform." (Appellants' Br. at 16.) But that part of the deposition

was not specifically designated to the trial court; we therefore cannot find a genuine issue of fact.[2]

[15] Trial Rule 56(C) requires specific designation of each material issue of fact that a party asserts precludes entry of summary judgment and the evidence relevant thereto. The purpose of that requirement is to decrease the amount of evidentiary material trial courts are required to sift through in ruling on summary judgment motions. *O'Connor by O'Connor v. Stewart*, 668 N.E.2d 720, 721-22 (Ind. Ct. App. 1996). Neither the trial court nor this court on appeal may look beyond the evidence specifically designated to the trial court in ruling on a motion. *Id*. at 722. Designating various pleadings, discovery material, and affidavits in their entirety does not meet the specificity requirement of Rule 56(C). *Id*. Unless a document in its entirety is required as designated evidentiary matter, regardless of how concise or short the document is, in order to be properly designated, specific reference to the relevant portion of the document must be made. *Id*. Rule 56(H) provides: "No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court."

---

[2] In its brief, Queen Nails directs us to its designation, which does not include the page on which the Williamses rely. The Williamses did not submit a reply brief or otherwise respond to that statement in the Queen Nails' brief.

As the designated evidence did not reveal a genuine issue of fact, summary judgment for Queen Nails was not error.

## Conclusion

The denial of the Williamses' motion for relief from judgment was not error, as they did not show they had a meritorious claim. Queen Nails was entitled to summary judgment because no designated evidence demonstrated a genuine issue of fact for trial. We accordingly affirm the trial court.

Affirmed.

Baker, J., and Brown, J., concur.